IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN AND JANE DOES 1-9<br>Employees/Agents of the Federal Bureau<br>of Investigations,<br>on behalf of themselves<br>and those similarly situated<br><br>      *Plaintiffs*,<br><br>      v.<br><br><br>DEPARTMENT OF JUSTICE<br>James McHenry<br>Acting Attorney General<br>of the United States,<br><br>      *Defendant*. | Case No. 25-cv-00325<br><br>CLASS ACTION<br><br>ORAL ARGUMENT REQUESTED |

**PLAINTIFFS' MOTION TO PROCEED
UNDER PSEUDONYM AND MEMORANDUM IN SUPPORT**

As described in the Class Action Complaint, Plaintiffs are being systematically targeted for termination as a result of their involvement in certain investigations related to President Donald J. Trump, specifically including the attack at the Capitol on January 6, 2021 ("Jan. 6 attack") and the lawful search of President Trump's residence at Mar-a-Lago related to the removal, retention and storage of classified documents ("Mar-a-Lago case"). It is common knowledge that FBI agents and other agency personnel routinely investigate violent and sophisticated criminals – many of whom are ultimately prosecuted and incarcerated, and harbor animosity against law enforcement, including those recently released from prison following President Trump's pardon for criminal convictions related to their involvement in the Jan. 6 attack. Plaintiffs include individuals with decades of sensitive investigative experience at the FBI, including some working

on counterintelligence and espionage matters, and public exposure of their identities would subject them, and their families, to immediate risk of doxing, swatting, harassment, and physical harm. Upon information and belief, this conduct against FBI agents and other personnel who worked on the Jan 6 and Classified Documents cases has already begun by those convicted for criminal actions related to Jan. 6 who have recently been pardoned, including naming FBI putative class members on "dark websites" (aka the "dark web"). Further, due to their work at the FBI, public disclosure of plaintiffs' identities could directly interfere with their current cases and compromise the FBI's law enforcement operations.

Because of the high risk of harm to Plaintiffs and their families by the including their names in this litigation, Plaintiffs respectfully request that the Court permit them to proceed pseudonymously in this matter.[1]

## ARGUMENT

### I. PLAINTIFFS SHOULD BE PERMITTED TO PROCEED UNDER PSEUDONYMS

Federal Rule of Civil Procedure 10(a) provides that the title of a complaint must name all of the parties. Fed. R. Civ. P. 10(a); *see also Doe v. Fed. Republic of Germany*, 680 F. Supp. 3d 1, 4 (D.D.C. 2023), *reconsideration denied,* No. CV 23-1782 (JEB), 2023 WL 4744175 (D.D.C. July 21, 2023); *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). Courts are hesitant to allow parties to proceed pseudonymously given that the practice can "undermine[] the public's right of access to judicial proceedings." *Pub. Citizen*, 749 F.3d at 273. However, the D.C. Circuit has held that anonymity is permitted under appropriate circumstances. *In re Sealed Case,* 931 F.3d 92, 96 (D.C. Cir. 2019); s*ee also James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). This rule

---

[1] This Motion is being filed contemporaneously with the initial complaint in this action, and accordingly, the case has not yet been assigned counsel at Defendant Department of Justice.

recognizes that, in certain circumstances, "privacy or confidentiality concerns are . . . sufficiently critical that parties or witnesses should be allowed this rare dispensation." *James,* 6 F.3d at 238. Thus, trial courts have the discretion to permit parties to proceed anonymously, although a party seeking anonymity "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case,* 971 F.3d 324, 326 (D.C. Cir. 2020).

Anonymity is paramount given that Plaintiffs are FBI agents, who, as previously argued by Defendant, have an inherent interest in maintaining their anonymity. *See Armstrong v. Executive Ofc. of the President*, 97 F.3d 575, 581 (D.C. Cir. 1996) (citing *Baez v. Department of Justice*, 647 F.2d 12328, 1339 (D.C. Cir. 1980) for the proposition that "FBI agents always have a privacy interest in the disclosure of their names."). The court in *Lesar v. United States Dept. of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980) reached a similar conclusion, holding that:

> As several courts have recognized, [FBI] agents have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives.

*Id.*

District Courts in this Circuit consider a non-exhaustive list of factors set forth by the Fourth Circuit in *James,* 6 F.3d at 238-39. *In re Sealed Case,* 931 F.3d at 97. This "balancing test is necessarily flexible and fact driven." *Id.* These following factor should therefore guide courts in deciding whether to grant anonymity requests:

(1) [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
(3) the ages of the persons whose privacy interests are sought to be protected;

3

> (4) whether the action is against a governmental or private party; and,
>
> (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238; *see also Pub. Citizen*, 749 F.3d at 273 (reiterating *James* factors and noting that "[t]his Court has recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym."). Furthermore "when a plaintiff challenges the government or government activity, [as found here] courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Nat'l Ass'n of Waterfront Employers v. Chao,* 587 F. Supp. 2d 90, fn. 9 (D.D.C. 2008) (citations omitted).

### A. The first *James* factor supports granting Plaintiffs' motion to proceed anonymously.

The first James factor supports granting Plaintiffs' motion to proceed anonymously. While it cannot be disputed that Plaintiffs do not move to pursue their cases pseudonymously "merely to avoid annoyance and criticism associated with any litigation," Plaintiffs' justification for seeking anonymity does not neatly fit into this factor. This first factor "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." *In re Sealed Case,* 971 F.3d at 327; *Doe v. Bogan*, 542 F. Supp. 3d 19, 23 (D.D.C. 2021). However, as stated, *supra*, the *James* factors are non-exhaustive, "flexible and fact driven." Accordingly, courts have held that certain federal employees, given their work, have identities that are "sensitive and highly personal," and therefore satisfy this factor. *See, e.g., Doe v. Austin*, No. CV 22-3474 (RC), 2024 WL 864197, at *3 (D.D.C. Feb. 29, 2024) (motion to proceed under pseudonym granted for intelligence officer for the Department of Defense because disclosure of identity could place plaintiff and loved ones at risk of retaliation by criminal elements

4

involved in her work); *Bird v. Barr*, No. 19-CV-1581, 2019 WL 2870234, at *5 (D.D.C. July 3, 2019) (motion to proceed under pseudonym granted for FBI agents due to concerns over personal safety should identities be revealed).

### B. The second James factor supports granting Plaintiffs' motion to proceed anonymously.

The second James factor also supports granting Plaintiffs' motion to proceed anonymously. Plaintiffs are particularly vulnerable parties, and their privacy concerns are well founded. As alleged, Plaintiffs are being targeted for termination based solely on the fact that they were assigned work concerning the January 6, 2021 riot at the Capitol and the Classified Documents case, and many individuals, including those recently pardoned for crimes committed at the Capitol, have begun a campaign to publicize the names of the FBI agents and other personnel involved in those investigations to harass and threaten the safety of these employees and their families. Therefore, Plaintiffs' case implicates "privacy or confidentiality concerns" of the highest order. *James*, 6 F.3d at 238. Courts have recognized that threats of harassment and violence especially favor anonymity. *Doe v. Austin*, 2024 WL 864197, at *3 (second factor satisfied where plaintiff worked in sensitive role as intelligence officer and "would be in immediate danger of retaliation, capture, ransom, abduction, or death should identify be revealed," and further harm to federal department could result from loss of anonymity of agents); *see also Doe v. The Rector and Visitors of George Mason U.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) ("the fact that accusations of [sexual misconduct] inspire passionate responses and have severe ramifications is reflected in the anonymity afforded to the accusers…"); *Doe v. New Ritz, Inc.*, No. CIV. WDQ-14-2367, 2015 WL 4389699, at *2 (D. Md. July 14, 2015), citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir., 1981) (threats of harassment and violence favored anonymity).

### C. The third *James* factor is not relevant to Plaintiffs' motion to proceed anonymously.

Though Plaintiffs are adults, many have families living with them. Proceeding pseudonymously can also be granted to "shield" immediate family members, which include Plaintiffs' minor children. *See Strike 3 Holdings, LLC v. Doe*, No. 1:23-CV-00445-JRR, 2023 WL 3251412, at *3 (D. Md. May 4, 2023) (outlining that "by proceeding pseudonymously, Defendant would also shield immediate family members, including a spouse, who ought not bear the burden of exposure of the highly sensitive, private matters that may come to light in this action pertaining to Defendant."). Plaintiffs wish to omit their names from the pleadings not to avoid criticism, but to mitigate the risk of retaliatory harassment and violence to Plaintiffs and their children that this litigation presents.

### D. The fourth *James* factor is neutral or slightly leans against Plaintiffs' motion to proceed anonymously.

In considering the fourth *James* factor, "there is a heightened public interest when an individual or entity files a suit against the government." *Doe v. Austin*, 2024 WL 864197, at *4, quoting *In re Sealed Case,* 971 F.3d at 329. However, like the plaintiffs in *Bird,* the only defendant in this action is a government officer named in his official capacity as acting head of the Department of Justice, and therefore "proceeding under pseudonyms will have no impact on private rights." *Bird*, 2019 WL 2870234, at *6 (finding that this factor does not impact the decision to grant plaintiffs' motion to proceed pseudonymously); *see also Chao,* 587 F. Supp. 2d 90, fn. 9 ("when a plaintiff challenges the government or government activity, [as found here] courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing.").

### E. The fifth *James* factor supports granting Plaintiffs' motion to proceed anonymously.

Finally, the fifth *James* factor supports granting Plaintiffs' motion to proceed anonymously. There is no risk of unfairness or prejudice to Defendant in this matter. Plaintiffs will fully disclose their identities to Defendant, and accordingly, "anonymity would not compromise the defendant's ability to defend the action and does not pose a 'risk of unfairness to the opposing party.'" *Bird*, 2019 WL 2870234, at *6, quoting *Chao,* 587 F. Supp. 2d at 99; *Doe v. Austin*, 2024 WL 864197, at *4 (Defendant suffers no "risk of unfairness" by plaintiff proceeding pseudonymously where Defendant is provided opposing party's identity). *See also A.D. v. Wyndham Hotels & Resorts, Inc.,* No. 4:19-120, 2020 WL 5269758, at *2 (E.D. Va. Mar. 20, 2020) ("Where a plaintiff's identity is known to the defendant, and the motion to proceed under pseudonym is made for the purpose of concealing the plaintiff's identity only from the public, there is little risk of unfairness to the defendant.") (internal quotations and citation omitted). Further, "whatever reputational harm comes to Defendant from these allegations is the same regardless of whether Plaintiff[s] use [their] actual name[s] or Jane Doe; the allegations are the same no matter who brings them." *Doe v. Darden Restaurants, Inc.,* 2024 WL 2881121, at *3 (D. Md. June 7, 2024).

## **CONCLUSION**

For the foregoing reasons, this case is one of the circumstances, due to Plaintiffs' valid concerns over safety, for which it is entirely appropriate for Plaintiffs to proceed pseudonymously. The sensitive nature of Plaintiffs' identities – both in terms of the work they perform for the FBI and the real threat to their personal safety and the safety of their families – weigh strongly in favor of granting Plaintiffs' request to ensure anonymity. Moreover, because Defendant will be made aware of Plaintiffs' identities and because Plaintiffs would certainly cooperate with Defendant's reasonable discovery requests, there is no real risk of unfairness to

Defendant.  Accordingly, Plaintiffs respectfully request that this Court grant this Motion.

                Respectfully submitted,

/s/*Pamela M. Keith*
Pamela M. Keith [Bar. No 448421]
Scott M. Lempert [Bar No. 1045184]
CENTER FOR EMPLOYMENT JUSTICE
650 Massachusetts Ave. NW
Suite 600
Washington, DC 20001
(202) 800-0292
pamkeith@centerforemploymentjustice.com
slempert@centerforemploymentjustice.com

*Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

This certifies that a true and correct copy of Plaintiffs' Motion To Proceed Under Pseudonym And Memorandum In Support was sent by electronic filing on this 4th day of February, 2024 and served on Defendant by in-person service of process on the following:

Executive Office for United States Attorneys
U.S. Department of Justice
950 Pennsylvania Avenue NW
Room 2242
Washington, DC 20530-0001

Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-001

Federal Bureau of Investigation
J. Edgar Hoover Building
935 Pennsylvania Avenue NW
Washington, DC 20535-0001

/s Pamela M. Keith
Pamela M. Keith