UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN AND JANE DOES 1–9,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE,**<br><br>**Defendant.** | Civil Action No. 25-325 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are current employees of the Federal Bureau of Investigation who participated in that agency's investigations into the January 6 rioters and the storage of classified documents by President Donald Trump at Mar-a-Lago. See ECF No. 1 (Compl.) at 1. They have brought this putative class action against the Department of Justice to forbid the "the aggregation, storage, reporting, publication or dissemination of any list or compilation of information that would identify FBI agents and other personnel[] and tie them directly to Jan. 6 and Mar-a-Lago case activities." Id., ¶ 99. They also ask for a temporary restraining order to similar effect, enjoining DOJ from "aggregating and disseminating information to the President, Vice President, members of their staff, or any other persons not subject to the Privacy Act, that identifies Plaintiffs and the work they performed on the Jan. 6 and Mar-a-Lago cases." ECF No. 3 (TRO) at 2. Citing fears for their safety, they seek to proceed under pseudonyms. See ECF No. 2 (Mot.). The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id.

1

5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

I. **Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.    Analysis**

At this stage, Plaintiffs have succeeded in showing that their privacy and safety concerns outweigh the public's presumptive and substantial interest in learning their identities.

The first and second factors, taken together, support granting the Motion.  Plaintiffs do not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature" and "avoid retaliatory physical or mental harm."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  In particular, they argue that disclosure of their identities to the public risks physical harm to them and their families, as "many individuals, including those recently pardoned for crimes committed at the Capitol, have begun a campaign to publicize the names of the FBI agents and other personnel involved in" the January investigations in order "to harass and threaten" them.  See Mot. at 5.  Indeed, one January 6 defendant has already been convicted of "plotting to kill FBI special agents who investigated him over his crimes at the Capitol."  Ryan Reilly, Jan. 6 Rioter Is Convicted of Plotting to Murder FBI Agents who Investigated Him, NBC News (Nov. 20, 2024), https://www.nbcnews.com/politics/justice-department/jan-6-rioter-convicted-plotting-murder-fbi-agents-rcna181005.  Such concerns are as troubling as those that typically justify pseudonymity, see, e.g., J.K.A. v. United States, No. 23-2273, ECF No 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023) (second factor favors pseudonymity when plaintiffs experienced abuse by, and faced further "threats of retaliation" from, foreign government); Doe v. U.S. Dep't of State, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) (permitting pseudonymity to protect plaintiff from retaliation by anti-U.S. insurgents), and they are sufficient here to tip the first two factors in Plaintiffs' favor.  See also Doe v. Austin, 2024 WL 864197, at *3 (D.D.C. Feb. 29, 2024) (first two factors favor pseudonymity where plaintiff

3

was "a covert U.S. intelligence officer" and publicity could "draw the attention of hostile . . . actors").

As Plaintiffs concede, however, the third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — weighs against pseudonymity because they are adults. See Mot. at 6.

The fourth factor is at worst neutral. Plaintiffs are suing a government defendant and seeking individualized relief: the non-disclosure of their identities to the public. In such cases, courts have generally favored pseudonymity. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted); see also Am. Foreign Serv. Ass'n v. State, No. 24-3385, ECF No. 8 (Mem. Op) at 5–6 (D.D.C. Dec. 11, 2024) (fourth factor favors pseudonymity where plaintiffs sought review of individual benefit denials); J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) ("[A]nonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing.") (quotation marks and citation omitted); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request").

That said, Plaintiffs also seek this individualized relief on behalf of an as-yet-uncertified class of "[a]ll FBI personnel for whom a survey was requested and/or completed by the Trump administration that identifies their specific role in the Jan. 6 and Mar-a-Lago cases." Compl.,

4

¶ 47.  The suit thus potentially implicates the rights of many individuals whose interests may or may not be adequately represented by Plaintiffs.  In light of that wrinkle, the Court considers this factor a wash.  See V.C. v. District of Columbia, No. 23-1139, ECF No. 5 (Mem. Op.) at 4 (D.D.C. Apr. 27, 2023) (factor is neutral where plaintiffs request "class-wide relief").

Fifth and finally, the Government would suffer no "risk of unfairness" if the Motion were granted.  In re Sealed Case, 971 F.3d at 327 (quoting In re Sealed Case, 931 F.3d at 97). Although Plaintiffs have not yet filed a declaration under seal with their identifying information, they indicate that they "will fully disclose their identities to Defendant," Mot. at 7, and the Court will order them to do so.  In such circumstances, this factor does not require disclosure.  See In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, Mem. Op. at 5 (fifth factor supports motion where defendant already knows plaintiff's identity).

In sum, the first, second, and fifth factors weigh in favor of granting the Motion.  That lopsided balance resolves the matter in Plaintiffs' favor, at least on the current record.

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion for Leave to File Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within 3 days of this Order, Plaintiffs shall file on the public docket and under seal a declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: February 4, 2025