## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1-9, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 25-0325 (JMC) |
| FEDERAL BUREAU OF INVESTIGATION AGENTS ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | Civil Action No. 25-0328 (JMC) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR EXPEDITED DISCOVERY

The above-captioned consolidated Plaintiffs respectfully submit this memorandum in support of their Motion for Expedited Discovery.[1] As alleged in Plaintiffs' Complaints, Plaintiffs expect that the Defendants Department of Justice and the United States of America ("Defendants") intend to disseminate publicly the names of numerous FBI personnel who participated in the

---

[1] This motion is styled as "expedited" in order to accommodate the current agreed-upon briefing schedule. *See* ECF No. 14 (Order directing briefing deadlines of February 24, 2025 (Plaintiffs' motion), March 14, 2025 (Defendants' response), March 21, 2025 (Plaintiffs' reply) and hearing date of March 27, 2025). Should the Government request additional time to respond beyond the proposed expedited timeline, the Plaintiffs would agree to a reasonable extension of the current briefing schedule.

investigations into the attack on the United States Capitol on January 6, 2021 ("January 6"), including Plaintiffs and other Special Agents and personnel similarly situated.

Plaintiffs are threatened with immediate irreparable injury and are therefore seeking to bar Defendants from publicly disclosing the identities of targeted Federal Bureau of Investigation ("FBI") personnel via a preliminary injunction. Plaintiffs now seek narrow and carefully tailored expedited discovery tied directly to the substance of their constitutional and statutory claims against Defendants and, in particular, the anticipated public disclosure of the identities of the targeted agents and personnel. This includes the names and other personally identifying information associated with a February 2, 2025, survey (the "Survey") sent to FBI personnel to elicit specific and detailed information about their roles in their investigation of January 6. Specifically, Plaintiffs request written discovery including, but not limited to, Defendants' design and creation of the Survey, Defendants' intended uses for the information provided in response to the Survey, what, if any, other information Defendants intend to gather about FBI personnel in support of its proffered implementation of an Executive Order(s), the manner in which Defendants intend on disseminating the contents of the Survey, and email and written communications between leadership at the Department of Justice ("DOJ"), FBI, and any other government agency concerning the collection and dissemination of the Survey information. The requested discovery will also elucidate the connection, if any, between the Survey information and DOJ's purported attempt to implement recent Executive Orders and other related guidance.

The requested discovery is limited in scope and, given the significant anticipated harm to Plaintiffs and the relevance this discovery will carry at any subsequent hearing on the matter, is appropriate to allow at this time. As set forth herein, this Court can and should authorize this expedited discovery, which is reasonable under the circumstances and supported by good cause.

## FACTUAL BACKGROUND

Doe Plaintiffs are current employees of the FBI serving in a variety of positions. In their capacities at the FBI, they have diligently performed their duties to investigate violations of federal law and assist with prosecutions of defendants charged with violating federal law. The Doe Plaintiffs, along with the FBIAA, bring this underlying lawsuit to protect against Defendants' anticipated decision to illegally expose the Doe Plaintiffs' and other FBI employees' personal information as retaliation for the employees' discharge of their duties by the person they were investigating. Plaintiffs seek relief for violations of the Privacy Act, 5 U.S.C. §§ 552a(b) and (e)(6), the Administrative Procedure Act, 5 U.S.C. § 706(2), and other constitutional claims, and for Mandamus under 28 U.S.C. § 1361.

Pursuant to the FBI's mission, and at the direction of the DOJ, the Plaintiffs along with other FBI employees participated in the investigations and prosecutions of individuals who committed crimes as part of January 6. Complaint[2] ("Compl.") at ¶¶ 20-24. That violent rampage caused the death of multiple people, injured more than 140 individuals, and inflicted millions of dollars of damage to the Capitol. *Id.* at ¶¶ 13.

The Doe Plaintiffs serve in a variety of positions at the FBI. As part of their law enforcement duties and responsibilities, FBI employees, including the Doe Plaintiffs, gathered and obtained evidence, prepared and swore affidavits, executed search warrants, testified before federal grand juries, arrested perpetrators, and assisted with the prosecution of nearly 1,600 individuals charged with crimes in connection with January 6. *Id.* at ¶¶ 20-24. For years, there have been violent threats made against FBI employees who worked on the January 6 investigations

---

[2] References to the Complaint refer to ECF No. 1 of 1:25-cv-328 (JMC), *FBIAA et al. v. DOJ et al.*, (consolidated with 1:25-cv-325 (JMC)).

and prosecutions. *Id.* at ¶ 38. Since taking office, President Trump has given presidential pardons or commutations to the leaders of the January 6. These leaders and their supporters have endeavored to identify by name FBI agents who they believe worked on the investigations and prosecutions. They do this to seek retribution and revenge against them as stated on social media and in various other proclamations. *Id.* at ¶¶ 32-39.

In recent weeks, the Trump Administration has summarily fired or forced into retirement FBI employees and prosecutors who were involved in the January 6 cases. *Id.* at ¶¶ 41-42. According to credible press reports, the acting leadership of the DOJ is preparing for the mass, unlawful termination of FBI employees who had any involvement in certain investigations related to President Trump, including January 6. *Id.* at ¶¶ 43-46. On February 2, 2025, Defendants ordered certain FBI agents to answer a survey about their work on cases related to the events on January 6, 2021. Notably, the selection of FBI agents who received the Survey included some who did little to no work on January 6 investigations, while others who did work January 6 investigations did not receive the Survey. The acting leadership of the DOJ has made clear that they believe they have the right to publicly disseminate the names of FBI employees who were involved in any of those investigations and/or who responded to the Survey, thereby putting those employees and their families at immediate risk of harm. *Id.* at ¶¶ 46-48.

Among other appropriate relief, the underlying action seeks to enjoin the Defendants from collecting or disseminating the personally identifiable information of the Plaintiffs and other similarly situated current and former FBI employees. *Id.* at ¶ 80.

## ARGUMENT

### A.  Authority and Standard for Expedited Discovery

District courts have broad discretion to manage the conduct of discovery, *Chavous v. Dist. of Columbia Fin. Responsibility and Mgmt. Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001), including those related to the timing of discovery.  *Williams v. United States*, 2019 WL 13188840, at *1 (D.D.C. July 22, 2019) ("District courts have broad discretion in structuring the scope and timing of discovery.").

The Federal Rules of Civil Procedure also authorize courts to adjust the discovery timeline and to order expedited discovery.  *Williams,* 2019 WL 13188840, at *1; *Dimension Data N. Am., Inc. v. Netstar–1, Inc.* 226 F.R.D. 528, 529-30 (E.D.N.C. 2005); *Tribal Casino Gaming, Enterprise v. W.G. Yates & Sons Construction Co.*, No. 1:16CV30, 2016 WL 3450829, at *3 (W.D.N.C. June 16, 2010).  Fed. R. Civ. P. 26(d)(1) expressly provides that a party may obtain discovery before a Rule 26(f) scheduling conference "when authorized . . . by court order," as does Local Rule 26.2.  Federal Rules of Civil Procedure 30(a), 33(b), 34(b) and 36 also permit the court to adjust the timing requirements imposed under Rule 26(d) and to expedite the time for responding to discovery requests.

Courts frequently grant expedited discovery in conjunction with preliminary injunction motions, particularly when plaintiffs are at risk of irreparable harm.  *See, e.g., Malon v. Franklin Fin. Corp.*, CIV A 3:14cv671, 2014 WL 5795730, at *3 (E.D. Va. Nov. 6 2014) (granting expedited discovery to plaintiff prior to anticipated preliminary injunction motion, where plaintiff had made showing of irreparable harm); *Asheboro Paper & Packaging, Inc. v. Dickinson*, 599 F. Supp. 2d 664, 667-68 (M.D.N.C. 2009) (noting that the court had granted expedited discovery relating to issues raised by the plaintiff's request for injunctive relief before the preliminary

injunction hearing); *see also Ciena Corp. v. Jarrard,* 203 F.3d 312, 324 (4th Cir. 2000) (remanding to the lower court with instructions to provide the defendant an opportunity to conduct expedited discovery in order to file a motion to dissolve a preliminary injunction); *Dan River, Inc. v. Unitex Ltd.*, 624 F.2d 1216, 1220 (4th Cir. 1980) (describing expedited discovery in the district court in preparation for preliminary injunction hearing).

Although "specific standards for evaluating expedited discovery motions are not set out in the Federal Rules of Civil Procedure," a "standard based upon reasonableness or good cause, taking into account the totality of the circumstances" is consistent with the Rules and should be applied when "plaintiff requests expedited discovery in preparation for a preliminary injunction determination." *NetStar-1, Inc*., 226 F.R.D. at 530-32 (collecting cases); *accord, e.g., Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. June 30, 2015) (noting that "[t]he Comments to the Rules of Civil Procedure recognize that it may be appropriate to allow expedited discovery when a party seeks preliminary injunctive relief").[3]

---

[3] Instead of a reasonableness or good cause standard, some courts have adopted "a formulation of the preliminary injunction test" to determine whether to grant expedited processing. *ForceX, Inc. v. Tech. Fusion, LLC*, No. 4:11CV88, 2011 WL 2560110, at *5 (E.D. Va. June 27, 2011). However, as the court in *Netstar-1* explained, "where . . . a plaintiff seeks expedited discovery in order to prepare for a preliminary injunction hearing, it does not make sense to use preliminary injunction analysis factors to determine the propriety of an expedited discovery request." 226 F.R.D at 531 (quoting *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). To do so would simply duplicate the preliminary injunction analysis—except without the very facts that the expedited discovery motion sought. If this Court finds that a preliminary injunction test is the appropriate one to apply to this motion, Plaintiffs respectfully request that Plaintiffs' anticipated motion for a preliminary injunction—which will address those factors—be incorporated by reference in, and considered by the Court in deciding, this request.

**B. Plaintiffs' Narrow Request for Expedited Discovery is Reasonable and Supported by Good Cause**

**1. Plaintiffs' Request is Reasonable in Light of the Posture of this Case and the Timing of Underlying Events**

Plaintiffs' Request for expedited discovery is reasonable given Plaintiffs' intention to seek a temporary restraining order and/or preliminary injunction against the Department of Justice and United States of America enjoining the Defendants from publicly disclosing the names of targeted individuals at the Federal Bureau of Investigation while this litigation proceeds.[4]  Plaintiffs are making this motion for expedited discovery now in order to obtain additional facts directly relevant to that preliminary injunction motion as quickly as practicable, so that the Court may consider these facts in deciding on the motion.

**2. Plaintiff's Request is Narrowly Tailored**

The limited expedited discovery requested by Plaintiffs is reasonable in its scope and directly related to the claims upon which Plaintiffs intend to move for an injunction, including the imminent potential for irreparable harm to Plaintiffs.

The discovery Plaintiffs are seeking on an expedited basis is not burdensome.  Plaintiffs seek documents relating to, *inter alia*, the creation and dissemination of the Survey, the Defendants purpose for collecting the information in the Survey, the substance of what is being investigated via the Survey, the substance of additional information Defendants seek to gather about respondents to the Survey, how Defendants intend on disclosing information within the Survey, and communications between leadership at the DOJ, the FBI, and any other Government agency concerning the collection and dissemination of FBI personnel names at issue.  Indeed, the Government is already on notice that this information may be relevant to the merits of the case.

---

[4] Plaintiffs intend to file their Motion for Preliminary Injunction on February 24, 2025, in accordance with the Court's February 7, 2025, Order.  (ECF No. 22).

The Court expressed interest in much of this same information during the February 6, 2025,

hearing on Plaintiffs' Motion for a Temporary Restraining Order:

> For the government, I have questions about the First Amendment issue, and I want
> to talk about Privacy Act. There was some representation at some point today about
> whether or not the survey or information gathered constituted a system of records.
> But I also have questions about the survey itself, including what it's being used for.
> A response to the argument that nothing on the face of the survey provides any
> indication or information about misconduct. So I do have questions about the
> survey. Particularly because I'm interested in routine use potential exemption under
> the Privacy Act. So I want to know what the government plans to do with the
> information.  I want to know what is being investigated, what is this review process,
> and more about routine use.

Draft Hearing Tr. at 98:2-14; *see also* Draft Hearing Tr. At 98:25-99:3.

The requested documents and information are already in the Government's possession,

would have been created at some point over the last five weeks, and thus should be easily

retrievable and not require an extensive search.[5]  The exact set of Interrogatories and Requests for

Production is attached hereto as Exhibit A, "Plaintiffs' Expedited Discovery Requests."

Even considered in isolation, the expedited discovery requested here is either in line with,

or less burdensome than, what courts in this and other Circuits have ordered in other cases.  *See,*

*e.g.*, *Tribal Casino Gaming*, 2016 WL 3450829 at *2, 4 (ordering one week of load testing of a

hotel garage, requiring partial closure of the garage and potentially causing damage to structure);

*Chryso*, 2015 WL 12600175, at *6 (seven interrogatories and six requests for production directed

for each of four defendants); *Malon*, 2014 WL 5795730, at *3-4 (five broad classes of documents);

*JTH Tax, Inc. v. M & M Income Tax Serv., Inc.*, No. 6:13-cv-00265-GRA, 2013 WL 460316, at

*3 (D.S.C. Feb. 6, 2013) (depositions as well as written discovery); *Nutrition & Fitness, Inc. v.*

---

[5] At the February 6, 2025 hearing on this matter, counsel for the Government was limited in what
types of representations could be made about this information without first obtaining authorization.
Provision of discovery here would eliminate any ambiguity on the existence of such authorization.
*See, e.g.,* Draft Hearing Tr. at 36:15-21; 39:6-9; 40:1-16.

*Progressive Emu, Inc.*, No. 5:12-CV-192-F, 2012 WL 1478734, at *5 (E.D.N.C. Apr. 27, 2012) (five depositions including one Rule 30(b)(6) deposition, 20 document requests, and 10 interrogatories); *Laboratory Corp. of Am. Holdings*, 2010 WL 3945111, at *2-3 (seven broad classes of documents and a Rule 30(b)(6) deposition); *U.S. Commodity Futures Trading Comm'n v. Smith,* No. 1:10CV00009, 2010 WL 1759542, at *4–5 (W.D. Va. Feb. 23, 2010) (allowing more than 10 depositions and broad discovery to identify wrongdoing, assets, customers, and customers and Defendants' sources of funds); *Asheboro Paper and Packaging,* 599 F. Supp. 2d at 676-77 (at least one deposition, in addition to paper discovery); *Physicians Interactive v. Lathian Systems, Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *10 (document requests, interrogatories, and physical access to multiple computer systems for the purpose of forensic mirroring); *see also, e.g.*, *Doe v. Johnson*, CV 4:15-250 TUC DCB (D. Az. Aug. 14, 2015) (Doc. No. 51) (granting Plaintiffs and their experts access to detention facilities for physical inspection and documentation via video and photography footage); *Bremson v. United States*, 459 F. Supp. 121, 124 (W.D. Mo. 1978) (deposition of IRS agent and interrogatories).

The information Plaintiffs intend on seeking in discovery, as described in Exhibit A, will provide valuable context as to the intent of DOJ's collection of the names of FBI personnel, whether such collection and intent amount to routine use, and how such an intent and collection will contribute to the irreparable harm.  To the extent there is any ambiguity in Defendants' intentions, the information Plaintiffs seek will assist Plaintiffs and the Court in determining the likely effect of Defendants' anticipated actions on the Plaintiffs.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Expedited Discovery to assist Plaintiffs in preparing for the upcoming preliminary injunction in connection with Defendants' public disclosure of Plaintiffs' identities and similarly situated FBI personnel.

February 17, 2025

Respectfully submitted,

LAW OFFICE OF MARK S. ZAID, P.C.

By: _____*Mark S. Zaid*_____
   MARK S. ZAID, D.C. Bar #440532
   BRADLEY P. MOSS, D.C. Bar #975905
   1250 Connecticut Avenue, NW, Suite 700
   Washington, D.C. 20036
   (202) 498-0011
   Mark@MarkZaid.com
   Brad@MarkZaid.com
   *Attorneys for John and Janes Does 1-4*

CENTER FOR EMPLOYMENT JUSTICE

By: _____*Pamela M. Keith*_____
   PAMELA M. KEITH, D.C. Bar #448421
   SCOTT M. LEMPERT, D.C. Bar #1045184
   650 Massachusetts Ave., NW, Suite 600
   Washington, DC 20001
   (202) 800-0292
   pamkeith@centerforemploymentjustice.com
   Slempert@centerforemploymentjustice.com
   *Attorneys for John and Janes Does 1-9, et al.*

STATE DEMOCRACY DEFENDERS FUND

By: _____*Norman L. Eisen*_____
   Norman L. Eisen D.C. Bar # 435051
   600 Pennsylvania Avenue, SE, #15180
   Washington, D.C. 20003
   (202) 594-9958
   norman@statedemocracydefenders.org
   *Attorney for John and Janes Does 1-4*

KOSKOFF, KOSKOFF & BIEDER, PC

By: _____*Margaret Donovan*_____
   Christopher Mattei, Bar # 27500 (*pro hac vice*)
   Margaret Donovan, Bar # 31787 (*pro hac vice*)
   350 Fairfield Ave., Suite 501
   Bridgeport, CT 06604
   (203) 336-4421
   cmattei@koskoff.com
   mdonovan@koskoff.com
   *Attorneys for Federal Bureau of Investigation Agents Association*

*Attorneys for Plaintiffs*

10