UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1-9, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 25-0325 (JMC) |
| FEDERAL BUREAU OF INVESTIGATION AGENTS ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | Civil Action No. 25-0328 (JMC) |

**EXHIBIT A: PLAINTIFFS' REQUESTS FOR EXPEDITED DISCVOERY**

Pursuant to Fed. R. Civ. P. 33 and 34, the above-captioned consolidated Plaintiffs respectfully request that the Defendants, the Department of Justice and the United States of America, (a) answer under oath the following written interrogatories and requests for documents, separately and fully in writing; and (b) produce the requested documents to counsel for the Plaintiffs, within five (5) calendar days from the date of this filing.

Your answers should include all information known up to the date on which you serve your responses. Under Fed. R. Civ. P. 26(e), the Defendants have an ongoing duty to supplement all

disclosures with any additional responsive information or documents that may become known to them prior to the scheduled hearing for this action, including if the Defendants discover that any information disclosed is incomplete or incorrect.

If the Defendants are not in possession of any document requested, the Defendants must take all appropriate steps to aid the recovery of the document from other sources, including by providing authorizations or waivers or releases, where required. Defendant should list each document withheld based on any privilege on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

The instructions, definitions, and rules of construction set forth in Fed. R. Civ. P. 33 and 34 and the District of Columbia's Local Rule 26.2, and as set forth below, govern these discovery requests.

## DEFINITIONS

1. "Department of Justice" ("DOJ") means the Executive Branch department of the United States Government.  Any reference to DOJ also includes all subordinate component law enforcement agencies, including but not limited to the Federal Bureau of Investigation ("FBI"), the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Drug Enforcement Administration ("DEA"), the Federal Bureau of Prisons ("BOP"), and the United States Marshals Servies ("USMS").  The DOJ includes all 93 United States Attorney's Offices across the 94 federal districts, as well as the Executive Office of United States Attorneys.  The DOJ includes the Offices of the Deputy Attorney General, the Solicitor General, and the Associate Attorney General.  It further includes the Office of Legal Counsel, the Office of Legal Policy, the Office of Legislative Affairs, the Office of Public Affairs, and the Office of Tribal Justice.  It includes all components, and subcomponents thereof, identified in the DOJ's current organization chart depicted at https://www.justice.gov/agencies/chart/map. Any reference to Department of Justice also includes any members of the Department of Government Efficiency, Special Government Employees ("SGEs"), to include SGEs or those purporting to be SGEs who are employed by or affiliated with one of Mr. Elon Musk's companies, e.g., SpaceX, or White House transition team members detailed to, embedded with, or otherwise operating in active concert or participation with the DOJ.

2. "United States of America" ("USA") means all components and members of the Executive Branch of the United States Government. Any reference to USA also includes any members of the so-called Department of Government Efficiency, Special Government Employees ("SGEs"), or White House transition team members detailed to, embedded with, or otherwise operating in active concert or participation with the USA.  USA includes

      the President of the United States, the White House, and all components and subcomponents thereof, and the employees therein.

3. The "Government" or the "Defendants" means both the DOJ and USA.

4. The "Complaint" means the Plaintiffs' Complaint filed on February 4, 2024, and any subsequent Amended Complaint that was filed prior to production of Defendants' discovery responses.

5. "Document" is used herein in the broadest sense of the term and means all records, written proof, and other tangible media of expression of whatever nature however and wherever created, produced, or stored (manually, mechanically, electronically, or otherwise), including without limitation all versions whether draft or final, all annotated or nonconforming or other copies, electronic mail ("e-mail"), instant messages ("Skype, "Teams," or other instant chat functions), text messages, Social Media posts, Social Media messages, wireless device messages, voicemail, calendars, date books, appointment books, diaries, books, papers, files, notes, confirmations, account statements, correspondence, memoranda, reports, records, journals, registers, analyses, plans, manuals, policies, photographs, telegrams, faxes, telexes, wires, telephone logs, telephone messages, message slips, minutes, notes or records or transcriptions of conversations or communications or meetings, tape recordings, videotapes, disks, and other electronic media, microfilm, microfiche, storage devices, press releases, contracts, agreements, notices, and summaries.
   a. Any non-identical version of a Document constitutes a separate Document within this definition, including without limitation drafts or copies bearing any notation, edit, comment, marginalia, underscoring, highlighting, marking, or any other alteration of any kind resulting in any difference between two or more otherwise identical Documents. In the case of Documents bearing any notation or other marking made by highlighting ink, the term Document means the original version bearing the highlighting ink, which original must be produced as opposed to any copy thereof.
   b. If any Document requested herein is withheld under a claim of privilege, for each such document withheld provide: (a) a description of the Document, i.e., whether it is a letter, memorandum, report, etc.; (b) the name(s) of the author(s); (c) the name(s) of the addressee(s) and all recipients; (d) a brief description of the subject of the document; and (e) the privilege upon which you are relying on in withholding the Document and a statement as to the reason why you contend that privilege is applicable to the particular Document.

6. "You" and "Your" mean DOJ and USA, including any and all parties, officers, agents, servants, employees, and attorneys, and any other persons (including SGEs) who are in active concert or participation with DOJ and USA.

7. The terms "and" and "or" should be read conjunctively to bring within the scope of these requests any documents which might otherwise be outside its scope.

8. The term "Communications" means Communications made by any means, including, but

not limited to, written and oral Communications, and includes those Communication methods outlined above for the term "Document."

9. The term "Statement" means a Statement made by any means, including, but not limited to, written and oral statements.

10. The term "identify," when used in reference to a person means to set forth the following information:

    a. The person's full name;
    b. The person's full title and position at the time of the events in question;
    c. The person's full present title and position;
    d. The person's current or last known business address(es), telephone number(s), employer, and area of responsibility.

11. The term "identify," when used in reference to an entity that is not an individual, means to set forth the entity's full name, current or last known address(es) and telephone number(s).

12. The term "identify," when used in reference to an object means to set forth the type, physical description and estimated value.

13. The term "identify," when used in reference to a Document or Communication means to set forth the following information:

    a. The date of the Document or Communication;
    b. A description of the type of Document;
    c. A summary of the Document's contents or the substance of the Communication;
    d. The place of the Communication;
    e. The identity of all persons present during the Communication;
    f. The present location of the original and all existing copies of the Document;
    g. A list of all intended recipients of the Document, including, but not limited to, all addressees and all persons who were supposed to receive a copy of the Document (i.e., through "cc" or "bcc"); and
    h. The level of classification at the time in question, the name of the classifying official and the date on which it was classified.

14. The term "identify," when used in reference to an event or occurrence, means to set forth the following information:

    a. The date and place of the event or occurrence;
    b. The identity of all persons present during the event or occurrence;
    c. The precise nature of that event or occurrence.

15. "Relating to" or "pertaining to" means having any relationship or connection to,

concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, comprising, constituting, or otherwise establishing any reasonable, logical or causal connection.

16. The "Survey" or the "January 6 Survey" means the Survey sent to FBI personnel on or about February 2, 2025. The "Survey Results" means the data collected from the January 6 Survey and later conveyed from the FBI to DOJ. The "Survey Results" includes both the results as initially provided (i.e., denoting only Employee Identification Numbers ("EINs")) and any subsequent versions of that data (i.e., associating employees' names with EINs).

17. "Employee identifying data" includes the names, EINs, and any other personally identifying information of FBI employees.

18. "January 6 investigations" means any criminal investigation conducted by the Government into the facts and circumstances surrounding the attacks on the U.S. Capitol that took place on January 6, 2021.

19. The "Weaponization Executive Order" or "Weaponization EO" means the Executive Order 14147, dated January 20, 2025.

20. The "Restoring Integrity Memo" means the Memorandum for All Department [of Justice] Employees, from the Attorney General Pam Bondi, Subject: Restoring the Integrity and Credibility of the Department of Justice, dated February 5, 2025.

21. The "Terminations Memo" means the Memorandum for Acting Director, Federal Bureau of Investigation, from the Acting Deputy Attorney General, Subject: Terminations, dated January 31, 2025.

22. The "February 5, 2025 Message from the Acting Deputy Attorney General" or "February 5, 2025 Message from A/DAG" means the entirety of the email sent from the email account for the Acting Deputy Attorney General on or about February 5, 2025, subject: Follow-Up to 1/31/2025 Memo to FBI Acting Director. "Colleagues: I write with additional information regarding the memo that I sent to the FBI's actin director on January 31, 2025" and concludes with "Thanks, Emil [] Bcc: All FBI Federal Employees."

23. The "Acting Deputy Attorney General" or "A/DAG" means Mr. Emil Bove III. He may also be referred to as "Mr. Bove" or "A/DAG Bove."

24. The "Department of Government Efficiency" or "DOGE" means the Department of Government Efficiency established by Executive Order 14158, dated January 20, 2025, and all members of affiliates thereof.

25. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

# **INTERROGATORIES**

Unless otherwise noted, all interrogatories below relate to the time period of **January 20, 2025, up through and including the date of any response**:

1. For the period January 20, 2017, up through and including the date of any response, identify any instance in which DOJ has collected employee identifying data for the purpose of determining whether an employee participated in a criminal investigation.

2. Identify the individual or individual(s) who are responsible for designing, creating, and distributing the Survey. This includes, but is not limited to, any and all individuals who suggested what questions should be included on the Survey, any and all individuals who discussed options should be made available in instances of "drop down" or multiple choice answers on the Survey, and any and all individuals who participated in the process of identifying which FBI personnel should receive the Survey.

3. Identify the individual or individual(s) who are responsible for deciding on the timeline with which FBI personnel had to complete the Survey, namely, the individual or individual(s) who were responsible for the February 2, 2025 issuance of the Survey and setting the February 3, 2025 deadline for completion.

4. Identify whether the data collected pursuant to the January 6 Survey has been reviewed by DOJ. If so, for what purpose was it reviewed and by whom?

5. Identify every purpose for which the Government claims it can lawfully publicly disclose any employee data collected pursuant to the Survey.

6. Identify every White House personnel who had or currently has direct access to the data collected pursuant to the Survey.

7. Identify every DOGE personnel who had or currently has direct access to the data collected pursuant to the Survey.

8. Identify every non-DOJ personnel who had or currently has direct access to the data collected pursuant to the Survey.

9. In both the Terminations Memo and the February 5, 2025 Message from A/DAG, Mr. Emil Bove III stated that DOJ is undertaking a "process" to review the conduct of FBI personnel who participated in the January 6 investigations. Identify and describe the "process" identified by Mr. Bove and any lawful basis pursuant to which it is authorized.

10. Identify any additional information (beyond or in addition to the information in the Survey) Defendants intend to gather about the respondents to the Survey which they plan to use to

identify which agents or personnel have executed their duties in a "partisan" or "weaponized" way, as those terms are being used by Defendants.

11. For the time period of January 6, 2021, up through and including the date of any response, identify any FBI employee as to whom DOJ has substantiated a complaint in connection with that employee's participation in the January 6 investigations.

12. For the time period of January 6, 2021, up through and including the date of any response, has DOJ substantiated a complaint against any FBI employee in connection with that employee's participation in the January 6 investigations? If yes, how many?

13. What is the Government's definition of "Weaponization?"

14. What information is the Government looking at to determine whether "Weaponization" exists?

15. In the February 5, 2025 Message from A/DAG, A/DAG Bove states that "the only individuals who should be concerned" about a "process" that leads to "risk of termination and other penalties" are those who acted with "partisan intent" or who "exercised discretion in weaponizing the FBI."

    a. What does the Government define as "partisan intent?"
    b. What factors is the Government considering when determining whether someone acts with "partisan intent?"
    c. What does is mean to "exercis[e] discretion in weaponizing the FBI?"
    d. What factors is the Government considering when determining whether someone "exercised discretion in weaponizing the FBI?"

## REQUESTS FOR PRODUCTION

Unless otherwise noted, all interrogatories below relate to the time period of **January 20, 2025, up through and including the date of any response**:

1. Any Document or Communication that relates to the creation of the Survey, the collection of the Survey results, or any publication of the Survey or discussion thereof.

2. Any Document or Communication that relates to the Government's intent as to the Survey.

3. Any Document or Communication that relates to the Government's Responses to any of the Interrogatories above.

7

4. Any Document or Communication authored by A/DAG Bove or relating to Documents or Communications authored by A/DAG Bove which identifies A/DAG Bove's intent for the Terminations Memo.

5. Any Document or Communication authored by A/DAG Bove or relating to Documents or Communications authored by A/DAG Bove which identifies A/DAG Bove's intent for the February 5, 2025 Message from the Acting Deputy Attorney General.

6. Any Document or Communication that relates to the Government's intended process for implementing the Restoring Integrity Memo, including but not limited to all Documents or Communications authored by A/DAG Bove or relating to Documents or Communications authored by A/DAG Bove.

7. Any Document or Communication that relates to the Government's intended process for implementing the Weaponization Executive Order, including but not limited to all Documents or Communications authored by A/DAG Bove or relating to Documents or Communications authored by A/DAG Bove.

8. Any Document or Communication that relates to the Government's decision(s) on what specific type of information should be adduced from FBI personnel in the Survey.

9. Any Documents or drafts of documents the Government has created to inform FBI agents or other personnel that they have been identified as having executed their duties in a "partisan" or "weaponized" fashion.

February 17, 2025

Respectfully Submitted,

LAW OFFICE OF MARK S. ZAID, P.C.

By: _____*Mark S. Zaid*_____
MARK S. ZAID, D.C. Bar #440532
BRADLEY P. MOSS, D.C. Bar #975905
1250 Connecticut Avenue, NW, Suite 700
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com
*Attorneys for John and Janes Does 1-4*

CENTER FOR EMPLOYMENT JUSTICE

By: _____*Pamela M. Keith*_____
PAMELA M. KEITH, D.C. Bar #448421
SCOTT M. LEMPERT, D.C. Bar #1045184
650 Massachusetts Ave., NW, Suite 600
Washington, DC 20001
(202) 800-0292
pamkeith@centerforemploymentjustice.com
Slempert@centerforemploymentjustice.com
*Attorneys for John and Janes Does 1-9, et al.*

STATE DEMOCRACY DEFENDERS FUND

By: _____*Norman L. Eisen*_____
Norman L. Eisen D.C. Bar # 435051
600 Pennsylvania Avenue, SE, #15180
Washington, D.C. 20003
(202) 594-9958
norman@statedemocracydefenders.org
*Attorney for John and Janes Does 1-4*

KOSKOFF, KOSKOFF & BIEDER, PC

By: _____*Margaret Donovan*_____
Christopher Mattei, Bar # 27500 (*pro hac vice*)
Margaret Donovan, Bar # 31787 (*pro hac vice*)
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
(203) 336-4421
cmattei@koskoff.com
mdonovan@koskoff.com
*Attorneys for Federal Bureau of Investigation Agents Association*

*Attorneys for Plaintiffs*