UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1-9, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-0325 (JMC) |
| FEDERAL BUREAU OF INVESTIGATION AGENTS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 25-0328 (JMC) |

**PLAINTIFFS' EXPEDITED MOTION TO STAY
BRIEFING ON THE GOVERNMENT'S MOTION TO DISMISS**

Individual John Doe and Jane Doe Plaintiffs from 1:25-cv-325 and 1:25-cv-328 ("Doe Plaintiffs") and the Federal Bureau of Investigation Association ("FBIAA"), collectively, "Plaintiffs," respectfully move this court on an expedited basis to stay responsive briefing deadlines to the Government's Motion to Dismiss, filed February 26, 2025 (Dkt. 28) (the "Government's Motion") because the Plaintiffs' Motion for Preliminary Injunction (Dkt. 25) ("Plaintiffs' Motion") presents overlapping, if not identical, issues. Briefing on the Plaintiffs' Motion is well underway, limited requests for jurisdictional discovery are pending, and a hearing

1

is scheduled for March 27, 2025. Principles of judicial economy weigh strongly in favor of holding the Government's Motion to Dismiss in abeyance until the Court resolves the Plaintiffs' request for injunctive relief.

## I. Procedural History

On February 4, 2025, the Plaintiffs filed a Motion for Temporary Restraining Order ("TRO") (Dkt. 3).[1] On February 6, 2025, the Government filed its opposition to the TRO, alleging a lack of standing (Dkt. 11). On February 6, 2025, the Court held a hearing and, the next day, entered a consensual order. The consensual order restrained the Government from disclosing the identities of FBI personnel who responded to a February 2, 2025 survey (the "Survey") – seeking information on the employees' involvement in investigation the events of January 6, 2021 – without advance notice to the Plaintiffs.

Through the February 7, 2025 consensual order, the Court also entered the parties' agreed-upon scheduling order setting briefing deadlines for any request for preliminary injunctive relief. In accordance with that Order, the Plaintiffs filed their Motion for Preliminary Injunction on February 24, 2025. A week before filing their Motion, on February 17, 2025, Plaintiffs sought limited discovery pertaining to the issues encompassed by the Motion. Consistent with the Court's February 28, 2025 comments denying the original discovery motion without prejudice, Plaintiffs have refined their discovery requests to focus principally on the jurisdictional challenges raised by the Government.

On February 26, 2025, without notice to the Plaintiffs and as jurisdiction-related discovery requests were still pending, the Government filed a Rule 12 Motion to Dismiss challenging the

---

[1] For ease of references, docket citations are to 1:25-cv-325-JMC, with which 1:25-cv-328-JMC has been consolidated.

Court's jurisdiction. Principally, the Government revisited its arguments from its February 6, 2025 opposition that this Court lacks jurisdiction because the Plaintiffs cannot show that the harm they articulate is imminent, and further argue that Plaintiffs' various statutory and constitutional claims fail as a matter of law.

## II.   Discussion

"Resolving a motion to stay or to hold a matter in abeyance pending the outcome of a related or parallel proceeding turns upon the unique circumstances of the case, and is largely a matter of discretion for the court." *Khadr v. Bush*, 587 F. Supp. 2d 225, 229 (D.D.C. 2008). The authority to order a stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Drug Reform Coordination Network, Inc. v. Grey House Publ'g, Inc.*, No. 14-cv-701, 2015 WL 13668667, at *1 (D.D.C. Aug. 5, 2015) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)).

A court can grant a motion to stay if it finds that such a stay would be in the interest of judicial economy and avoid unnecessary litigation. *Khadr*, 587 F. Supp. 2d at 229 (citing *Al–Anazi v. Bush*, 370 F. Supp. 2d 188, 199 (D.D.C. 2005)); *P.J.E.S. by & through Francisco v. Mayorkas*, 652 F. Supp. 3d 103, 109-10 (D.D.C. 2023) (granting Plaintiffs' motion to hold motion to dismiss in abeyance where parallel proceedings would settle relevant matters of fact and law and there would be no harm to Defendants from a stay).

As the Court is aware, its ruling on the Plaintiffs' Motion will resolve the issue of whether the Plaintiffs have met their burden concerning imminent harm and standing. Indeed, Plaintiffs' Motion extensively discusses how Plaintiffs believe they adequately allege standing. These arguments will no doubt be challenged by the Government in their Opposition to Plaintiffs'

3

Motion, due to the Court by March 14, 2025. The issues will be further briefed in Plaintiffs' Reply to the Government's Opposition, due to be filed before March 21, 2025. The Government's Motion to Dismiss is entirely redundant on the issues of imminence and standing. Likewise, the Government's contention that the Plaintiffs have not sufficiently pled facts entitling them to relief under the First Amendment, the Fifth Amendment, the Privacy Act, and the Administrative Procedure Act, can be considered by the Court in connection with the Plaintiffs' Motion, as the Court will be required to determine whether the Plaintiffs are likely to succeed on the merits of their aforementioned claims.

### III.   Conclusion

The parties and the Court should not spend valuable time and resources litigating identical issues via two different procedural vehicles regurgitating the same facts and arguments. All challenges raised in the Government's Motion can be resolved by the Court's resolution of the Plaintiffs' Motion for Preliminary Injunction. The Government suffers no harm when the Court will be resolving the same challenges in a mutually-agreed upon schedule already entered on the docket.

In accordance with Local Rule LCvR 7(m), Plaintiffs consulted with Government counsel before filing this motion. The Government opposes this request for a stay, but did not provide its rationale for opposition.

Respectfully Submitted,

| | |
|---|---|
| LAW OFFICE OF MARK S. ZAID, P.C. | CENTER FOR EMPLOYMENT JUSTICE |
| By: _*Mark S. Zaid*_<br>MARK S. ZAID, D.C. Bar #440532<br>BRADLEY P. MOSS, D.C. Bar #975905<br>1250 Connecticut Avenue, NW, Suite 700<br>Washington, D.C. 20036<br>(202) 498-0011<br>Mark@MarkZaid.com<br>Brad@MarkZaid.com<br>*Attorneys for John Does 1,3-4,*<br>*Jane Does 1-3 (25-328)* | By: _*Pamela M. Keith*_<br>PAMELA M. KEITH, D.C. Bar #448421<br>SCOTT M. LEMPERT, D.C. Bar #1045184<br>650 Massachusetts Ave., NW, Suite 600<br>Washington, DC 20001<br>(202) 800-0292<br>pamkeith@centerforemploymentjustice.com<br>Slempert@centerforemploymentjustice.com<br>*Attorneys for John and Janes Does 1-9, et al.*<br>*(25-325)* |
| STATE DEMOCRACY DEFENDERS FUND | KOSKOFF, KOSKOFF & BIEDER, PC |
| By: _*Norman L. Eisen*_<br>Norman L. Eisen D.C. Bar # 435051<br>Pooja Chaudhuri, D.C. Bar # 888314523<br>600 Pennsylvania Avenue, SE, #15180<br>Washington, D.C. 20003<br>(202) 594-9958<br>norman@statedemocracydefenders.org<br>pooja@statedemocracydefenders.org<br>*Attorneys for John Does 1,3-4,*<br>*Jane Does 1-3 (25-328)* | By: _*Margaret Donovan*_<br>Christopher Mattei, Bar # 27500 (*pro hac vice*)<br>Margaret Donovan, Bar # 31787 (*pro hac vice*)<br>350 Fairfield Ave., Suite 501<br>Bridgeport, CT 06604<br>(203) 336-4421<br>cmattei@koskoff.com<br>mdonovan@koskoff.com<br>*Attorneys for Federal Bureau of Investigation*<br>*Agents Association (25-328)* |

*Attorneys for Plaintiffs*