**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN AND JANE DOES 1-9, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-0325 (JMC) |
| FEDERAL BUREAU OF INVESTIGATION AGENTS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 25-0328 (JMC) |

**PLAINTIFFS' REVISED MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs the Federal Bureau of Investigation Agents Association ("FBIAA"), John Does 1, 3, and 4 and Jane Does 1-3 ("the 328 Doe Plaintiffs") and John and Jane Does 1-9 et al. ("the 325 Doe Plaintiffs"), collectively, "Plaintiffs" or the "consolidated Plaintiffs," respectfully submit this revised motion to seek limited, expedited discovery in support of Plaintiffs' Motion for Preliminary Injunction, set to be heard by this Court on March 27, 2025. *See* ECF No. 25-1.

**I.   Background**

On February 17, 2025, Plaintiffs filed a Motion for Expedited Discovery. *See* ECF No. 20. On February 24, 2025, Plaintiffs filed a Motion for a Preliminary Injunction alleging Privacy Act,

Administrative Procedures Act, and First and Fifth Amendment violations. *See* ECF No. 25-1. They requested two forms of injunctive relief. First, they requested that the Defendants be enjoined "from publicly disclosing the Plaintiffs' identities, along with the identities of those similarly situated, either directly or indirectly, to any third parties." *See* ECF No. 25-2. Second, they requested that the Defendants be enjoined "from taking any additional action which would infringe on Plaintiffs' Constitutional rights, as the Court determines." *Id*.

On February 28, 2025, this Court denied the Plaintiffs' original Motion for Expedited Discovery without prejudice. *See* Minute Order, February 28, 2025. The Court noted that it would "entertain a narrowed motion for discovery on discrete issues concerning this Court's jurisdiction or issues essential to Plaintiffs' motion for preliminary injunction." *Id*. This filing revises the Plaintiffs' first motion for expedited discovery, ECF No. 20, in an attempt to narrow the requested information, particularly in light of the Court's February 28, 2025 Minute Order.

In accordance with Local Civil Rule 7(m), at 9:00 a.m. on March 5, 2025, the parties met via videoconference to conduct a meet-and-confer regarding the Plaintiffs' revised requests. Following that meeting, Plaintiffs further reduced their revised requests and resubmitted to the Government for consideration on March 10, 2025. The Government opposed the revised disclosures and submitted the following statement: "Defendants oppose Plaintiffs' revised request for expedited discovery and intend to file an opposition setting forth the reasons for its opposition on or before March 18, 2025. In conferring with Plaintiffs on this motion, Defendants understand that Plaintiffs do not object to this response date." Plaintiffs do not object to this response date.

## II.   Revised Requests

Attached hereto as "Exhibit A" are Plaintiffs' revised requests for discovery. Attached hereto as "Exhibit B" is an annotated version of the requests which include short narratives

2

intended to be responsive to the Court's February 28, 2025 Order to "identify, for each item of discovery sought, why Plaintiffs require that information to litigate the motions before the Court and why Plaintiffs cannot obtain that information, or respond to Defendants' legal arguments, absent discovery."

The requests are intended to focus specifically on factual matters relevant to the issue of determining the Court's jurisdiction. The requests also seek to establish a full record on which to consider the two categories of requested relief (non-disclosure of agents' names and ceasing all other constitutional violations). Plaintiffs' narrowly tailored-discovery—which does not (yet) request deposition testimony and focuses modestly on documents and information—is not overly burdensome to the Defendants, nor is it untimely.

### III.  Discussion

Distilled to its essence, the Defendants' argument opposing discovery is that because they refuse to explain their intentions for the January 6 Survey, Plaintiffs will be unable to prove what those intentions might be. Thus, according to Defendants, the case should be dismissed and discovery should be denied. In a case where disclosure of the list would be so obviously harmful, the fact that the Department of Justice ("DOJ") ardently opposes a request to simply identify a lawful basis under which it could ever such a disclosure should raise serious concerns.

This case is one of several pending in federal districts across the country where representatives from DOJ have been unable to provide answers or explanations to basic factual matters. In some cases, the Government's answers have been vague or even conflicting with the public record. Given these unusual circumstances, limited discovery is warranted in advance of substantive hearings. This Court should take the measured approach employed by other federal judges who have confronted similar scenarios, both in this District and elsewhere. Limited

discovery here would benefit the Court by "helping it decide additional factual questions necessary to resolving other critical legal issues." *See American Federal of Labor ("AFL") et al. v. Department of Labor ("DOL") et al.*, Civ. No. 1:25-cv-0339 (JDB), ECF Nos. 43, 48, (D.D.C., February 19, 2025); *American Federation of Government Employees, AFL-CIO ("AFL-CIO"), et al., v. United States Office of Personnel Management ("OPM")*, Civ. No. 3:25-cv-01780 (WHA), ECF No. 41 (N.D.C.A., February 27, 2025) (ordering Government to produce expedited discovery).

Here, the DOJ has stated on the record that it does not know key facts about its own activities. *See, e.g.*, Draft Transcript ("Tr.") at 36:15-18; 39:24-25, 40:1-16. In fact, at the time of the February 6, 2025 hearing, Government counsel seemed unaware that Acting Deputy Attorney General ("A/DAG") Emil Bove was contemporaneously demanding the names of the Survey respondents (as opposed to their employee identification numbers ("EIN")) even as his own lawyers were in court agreeing that only EINs had been provided. *See* Tr, 66:2-4 (Government counsel: "I understand [the Plaintiffs] to be complaining about a list that was provided to the Department of Justice that doesn't even identify people's names."); Tr. 66:16-8 (The Court: "And, again, the DOJ wanted names and my understanding is the FBI didn't provide names."); ECF No. 21, ¶ 2 (Notice of Proposed Order) ("[G]overnment counsel notified Plaintiffs' counsel that it had learned [the evening of the February 6 hearing] that a record that pairs the unique identifiers on the list at issue in this case with the corresponding names of the FBI personnel had been provided to the Department by the FBI.").

"Courts typically apply a "reasonableness" test to determine whether to grant expedited discovery." *Garnett v. Zeilinger*, No. 17-CV-1757 (CRC), 2017 WL 8944640, at *1 (D.D.C. Dec. 15, 2017). "Under the reasonableness approach, the Court considers the reasonableness of the

4

request in light of all of the surrounding circumstances, which include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014) (internal quotations and citation omitted).

All of the reasonableness factors here weigh in favor of limited discovery. First, a preliminary injunction is pending, and this factor weighs in favor of the Plaintiffs. *Garnett* at *2. It is of no moment that the Plaintiffs' opening motion has been briefed since a reply brief is forthcoming and the hearing, where additional information can certainly be addressed, is scheduled for March 27, 2025. The requested discovery will remain relevant up through and after these events.

Second, as demonstrated in greater detail in Exhibit B, the breadth of the discovery requests has been significantly narrowed from Plaintiffs' original motion. For example, one of the original requests related to information from 2017 to present where the DOJ has implemented similar data collection on its employees, if ever. *See* Minute Order, February 28, 2025. While this proposed interrogatory was meant to elicit any examples which might constitute a "routine use," the Plaintiffs note that the heart of this request can be encompassed more concisely by the revised interrogatories. Plaintiffs have endeavored to further tailor their revised requests to just those matters that relate to the Survey itself (as opposed to the Government's broader implementation of the Weaponization Memo) and the DOJ's intent behind the Survey.

Third, the purpose of this request is to establish a reliable factual record, which would assist the Court in rendering determinations of fact before making consequential rulings. As outlined above, an evidentiary hearing where Government counsel has no authority to make key factual

5

representations about the disclosures of the list, the intent behind the list, or descriptions of the purported "review process" is unhelpful towards any resolution of the litigated issues. Moreover, to the extent that the requests focus on documents, this allows for a more credible factual record to be established without the (present) need for deposition testimony. Indeed, the discovery requests at issue mirror some of the same questions the Court posed as relevant and necessary to defendants' counsel at the hearing on February 6, 2025, on Plaintiffs' Motion for a Temporary Restraining Order:

> For the government, I have questions about the First Amendment issue, and I want to talk about Privacy Act. There was some representation at some point today about whether or not the survey or information gathered constituted a system of records. But I also have questions about the survey itself, including what it's being used for. A response to the argument that nothing on the face of the survey provides any indication or information about misconduct. So I do have questions about the survey. Particularly because I'm interested in routine use potential exemption under the Privacy Act. So I want to know what the government plans to do with the information. I want to know what is being investigated, what is this review process, and more about routine use.

Draft Hearing Tr. at 98:2-14; *see also* Draft Hearing Tr. At 98:25-99:3.

Fourth, the burden on the defendants to comply with the request is low. For example, a written explanation of why or how the questions on the Survey could possibly aid in a "Weaponization" review—or even a written definition of "weaponization" itself—will likely take less time than it took to create the 13-queston Survey in the first place. Moreover, the revised requested documents or communications would all have been generated within the past seven weeks and should be easily retrievable. In any event, the Court possesses the discretion to limit and tailor the discovery in a manner it finds reasonable and which reduces the professed burden on the Government. *See In re Marco Technology, Inc. Sec. Lit.*, 264 F.R.D. 7, 10 (D.D.C. 2010) (explaining that the Court "is authorized to impose reasonable conditions and restrictions" with respect to material being sought via expedited discovery); *see also F.T.C. v. Invention Submission*

*Corp.*, 965 F. 2d 1086, 1091-92 (D.C. Cir. 1992) ("A district court may impose reasonable conditions and restrictions with respect to the production of the subpoenaed material if the demand is unduly burdensome.") (internal quotation omitted).[1]

As to the final factor, this revised request is tethered to the hearing itself, scheduled for March 27, 2025, and is meant to be "narrowed" to the "discrete issues" of jurisdiction and other issues essential to the Plaintiffs' anticipated arguments at the preliminary injunction. Minute Order, February 28, 2025. Based on the date of this filing, the Government will have over two weeks to provide what could be short, written answers to basic factual questions that will speak directly to these issues.

## IV. Conclusion

Limited discovery here would provide the Court with a more complete record to assess the matters before it and assist it in making determinations of fact, truth, and reliability of the parties' representations and evidence. For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Revised Motion for Expedited Discovery.

---

[1] As explained in Plaintiffs' original Motion for Expedited Discovery, the expedited discovery requested here is also in line with, or less burdensome than, what courts in this and other circuits have ordered in other cases. *See* ECF 20-1 at 8 (citing various cases in which similar or broader expedited discovery was granted).

7

Date: March 10, 2025

                                                              Respectfully submitted,

| LAW OFFICE OF MARK S. ZAID, P.C. | CENTER FOR EMPLOYMENT JUSTICE |
|---|---|
| By:     *Mark S. Zaid* | By:     *Pamela M. Keith* |
| MARK S. ZAID, D.C. Bar #440532<br>BRADLEY P. MOSS, D.C. Bar #975905<br>1250 Connecticut Avenue, NW, Suite 700<br>Washington, D.C. 20036<br>(202) 498-0011<br>Mark@MarkZaid.com<br>Brad@MarkZaid.com<br>*Attorneys for John Does 1,3-4,*<br>*Jane Does 1-3 (25-328)* | PAMELA M. KEITH, D.C. Bar #448421<br>SCOTT M. LEMPERT, D.C. Bar #1045184<br>650 Massachusetts Ave., NW, Suite 600<br>Washington, DC 20001<br>(202) 800-0292<br>pamkeith@centerforemploymentjustice.com<br>Slempert@centerforemploymentjustice.com<br>*Attorneys for John and Janes Does 1-9, et al.*<br>*(25-325)* |
| STATE DEMOCRACY DEFENDERS FUND | KOSKOFF, KOSKOFF & BIEDER, PC |
| By:     *Norman L. Eisen* | By:     *Margaret Donovan* |
| Norman L. Eisen D.C. Bar # 435051<br>Pooja Chaudhuri, D.C. Bar # 888314523<br>600 Pennsylvania Avenue, SE, #15180<br>Washington, D.C. 20003<br>(202) 594-9958<br>norman@statedemocracydefenders.org<br>pooja@statedemocracydefenders.org<br>*Attorneys for John Does 1,3-4,*<br>*Jane Does 1-3 (25-328)* | Christopher Mattei, Bar # 27500 (*pro hac vice*)<br>Margaret Donovan, Bar # 31787 (*pro hac vice*)<br>350 Fairfield Ave., Suite 501<br>Bridgeport, CT 06604<br>(203) 336-4421<br>cmattei@koskoff.com<br>mdonovan@koskoff.com<br>*Attorneys for Federal Bureau of Investigation*<br>*Agents Association (25-328)* |

*Attorneys for Plaintiffs*