UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1 TO 9, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | Civil Action Nos. <br> 25-0325 (JMC), 25-0328 (JMC) |

**DEFENDANTS' OPPOSITION
TO PLAINTIFFS' RENEWED MOTION FOR EXPEDITED DISCOVERY**

# TABLE OF CONTENTS

Table of Contents ................................................................................................................ i

Table of Authorities ........................................................................................................... ii

Background ......................................................................................................................... 1

Argument ............................................................................................................................ 2

      I.      Any Discovery At This Juncture Is Inappropriate Because The Court Has Not Yet Determined Its Own Jurisdiction. ........................................................................ 2

      II.     Plaintiffs Are Not Entitled to Expedited Discovery Because They Have Failed to Establish Good Cause. ........................................................................................ 11

Conclusion ........................................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aland v. Dep't of Interior*,
    Civ. A. No. 22-5821, 2022 WL 18027569 (N.D. Ill. Dec. 30, 2022) ........................................3

*Anderson v. U.S. Att'ys Off.*,
    Civ. A. No. 91-2262, 1992 WL 159186 (D.D.C. Jun. 19, 1992) ..............................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................................passim

*Attkisson v. Holder*,
    113 F. Supp. 3d 156 (D.D.C. 2015) .................................................... 12, 13, 16, 17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................4, 7, 8

*Capital Eng'g & Mfg. Co. v. Weinberger*,
    Civ. A. No. 87-1623, 1988 WL 13272 (D.D.C. Feb. 5, 1988) ..................................................6

*Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*,
    201 F.R.D. 1 (D.D.C. 2001) ....................................................................................................5

*Chudasama v. Mazda Motor Corp.*,
    123 F.3d 1353 (11th Cir. 1997) ..............................................................................................6

*Clemmons v. Dep't of Homeland Sec.*,
    Civ. A. No. 06-0518 (RCL), 2007 WL 2059796 (D.D.C. July 13, 2007) .................................5

*Costal States Gas Corp. v. Dep't of Energy*,
    84 F.R.D. 278 (D. Del. 1979) ..................................................................................................5

*Covad Commc'ns Co. v. Revonet, Inc.*,
    250 F.R.D. 14 (D.D.C. 2008) ..................................................................................................5

*Dallas Safari Club v. Bernhardt*,
    518 F. Supp. 3d 535 (D.D.C. 2021) .......................................................................................10

*Diamond Servs. Mgmt. Co., LLC v. C&C Jewelry Mfg., Inc.*,
    Civ. A. No. 19-7675, 2021 WL 2433653 (N.D. Ill. June 15, 2021) .........................................3

*Diamond Servs. Mgmt Co., LLC v. Knobbe, Martens Olson & Bear, LLP*,
    339 F.R.D. 334 (D.D.C. 2021) ..............................................................................................15

*Disability Rts. Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*,
    234 F.R.D. 4 (D.D.C. 2006) ........................................................................................... 11, 12

*Dunlap v. Presidential Advisory Comm'n on Election Integrity*,
    319 F. Supp. 3d 70 (D.D.C. 2018) ....................................................................................... 11

*Guttenberg v. Emery*,
    26 F. Supp. 3d 88 (D.D.C. 2014) .......................................................................................... 17

*Institut Pasteur v. Chiron Corp.*,
    315 F. Supp. 2d 33 (D.D.C. 2004) .......................................................................................... 4

*Kaplan v. Cent. Bank of the Islamic Republic of Iran*,
    896 F.3d 501 (D.C. Cir. 2018) ................................................................................................ 3

*Kauffman v. Anglo-Am. Sch. of Sofia*,
    Civ. A. No. 89-3419 (RCL), 1992 WL 200025 (D.D.C. July 30, 1992) .................................. 5

*Kelly v. Raimondo*,
    Civ. A. No. 20-3203 (RDM), 2022 WL 14807447 (D.D.C. Oct. 26, 2022) ............................. 5

*Krzywicki v. Del Toro*,
    Civ. A. No. 21-1508 (JMC), 2024 WL 4598338 (D.D.C. Oct. 29, 2024) .............................. 10

*Legal Tech. Grp., Inc. v. Mukerji*,
    Civ. A. No. 17-0631 (RBW), 2017 WL 7279398 (D.D.C. Jun. 5, 2017) .............................. 11

*Lewis v. Mutond*,
    62 F.4th 587 (D.C. Cir. 2023) ............................................................................................... 13

*Loumiet v. United States*,
    225 F. Supp. 3d 79 (D.D.C. 2016) ......................................................................................... 5

*Maljack Prods., Inc. v. Motion Picture Ass'n of Am.*,
    Civ. A. No. 90-1121, 1990 WL 157900 (D.D.C. Oct. 3, 1990) ................................................ 6

*Manard v. Melton*,
    Civ. A. No. 17-2612 (JMC) 2023 WL 1963919 (D.D.C. Feb. 10, 2023) ............................... 16

*McHugh v. Ill. Dep't of Transp.*,
    55 F.4th 529 (7th Cir. 2022) ................................................................................................... 3

*Miller v. Holzmann*,
    238 F.R.D. 30 (D.D.C. 2006) ................................................................................................ 15

*Notaro v. Koch*,
 95 F.R.D 403 (S.D.N.Y. 1982) ..................................................................................11

*Prows v. Dep't of Just.*,
 Civ. A. No. 87-1657, 1988 WL 8256 (D.D.C. Jan. 22, 1988)....................................6

*Rutman Wine Co. v. E.&J. Gallo Winery*,
 829 F.2d 729 (9th Cir. 1987) .....................................................................................6

*Sai v. Dep't of Homeland Sec.*,
 99 F. Supp. 3d 50 (D.D.C. 2015) ...............................................................................5

*Sampson v. Murray*,
 415 U.S. 61 (1974) ...................................................................................................14

*Sinclair Nat'l Bank v. Off. of the Comptroller of the Currency*,
 Civ. A. No. 00-2398, 2000 WL 34012862 (D.D.C. Dec. 18, 2000) ...........................5

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*,
 549 U.S. 422 (2007) ...................................................................................................3

*Transp. Coal. v. Dep't of Transp.*,
 Civ. A. No. 20-0883 (CKK), 2021 WL 7287302 (D.D.C. Mar. 21, 2021) ................4

*United States v. United Mine Workers of Am.*,
 330 U.S. 258 (1947) ...................................................................................................2

*Vt. Agency of Nat. Res. v. United States ex rel. Stevens*,
 529 U.S. 765 (2000) ...................................................................................................3

## Statutes

5 U.S.C. § 552a(b) .............................................................................................................7

## Rules

Fed. R. Civ. P. 12 ....................................................................................................1, 9, 10

Fed. R. Civ. P. 26(b)(3) ...................................................................................................15

Defendants, the Department of Justice ("Department") and the United States of America (collectively, "Defendants"), respectfully submit this opposition to Plaintiffs' renewed motion to serve expedited discovery (ECF No. 32-1). Plaintiffs are not entitled to expedited discovery because pending before the Court is Defendants' motion to dismiss challenging the Court's subject-matter jurisdiction and establishing that the Amended Complaint on its face fails to state any cognizable claim. Further, Plaintiffs have failed to show why they would be unable to "respond to Defendants' legal arguments[] absent discovery." Min. Order (Feb. 28, 2025). Put simply, Plaintiffs cannot initiate a lawsuit to find a claim through discovery or, in the words of the Supreme Court, "unlock the doors of discovery . . . armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The Court should deny Plaintiffs' renewed motion.

## BACKGROUND

For a full summary of the factual and procedural background of this case, Defendants refer the Court to Defendants' motion to dismiss. Mot. to Dismiss (ECF No. 28) at 4-9.

As relevant here, currently pending before the Court are Plaintiffs' motion for a temporary restraining order (ECF No. 3, held in abeyance, Order (ECF No. 14)), Plaintiffs' motion for preliminary injunction (ECF No. 25), and Defendants' motion to dismiss (ECF No. 28). Critically, Defendants' motion to dismiss challenges the Court's subject-matter jurisdiction because "Plaintiffs have failed to plead facts to establish standing." Mot. to Dismiss (ECF No. 28) at 10-21. Defendants have also moved to dismiss all claims pursuant to Rule 12(b)(6). *Id.* at 21-29. The absence of standing and the lack of any plausibly pled claim also are addressed in detail in Defendants' opposition to Plaintiffs' motion for preliminary injunction. Opp'n to Mot. to Dismiss (ECF No. 35) at 6-20; 26-35. The Court has scheduled for March 27, 2025, a hearing on Plaintiffs' preliminary injunction motion, Min. Order (Feb. 7, 2025), during which it will also consider

Defendants' motion to dismiss, Min. Order (Mar. 11, 2025). "[I]f Defendants prevail on their motion to dismiss, Plaintiffs could not be entitled to a preliminary injunction." *Id.*

On February 17, 2025, with only seven days before Plaintiffs' motion for preliminary injunction was due, Plaintiffs moved for leave to serve on Defendants broad, merits discovery requests on an expedited basis. *See* Pls.' Disc. Reqs. (ECF No. 20-2) at 6-8. Defendants opposed that motion (ECF No. 29). The Court denied that request because "Plaintiffs have sought extensive, expedited discovery that does not appear to be tailored to the motions before the Court." Min. Order (Feb. 28, 2025). "The Court decline[d] to order full-blown merits discovery, particularly with a pending motion to dismiss that raises jurisdictional concerns." *Id.* The Court indicated that it would "entertain a narrowed motion for discovery on discrete issues concerning this Court's jurisdiction or issues essential to Plaintiffs' motion for preliminary injunction." *Id.* The Court instructed Plaintiffs to "specifically identify, for each item of discovery sought, why Plaintiffs require that information to litigate the motions before the Court and why Plaintiffs cannot obtain that information, or respond to Defendants' legal arguments, absent discovery." *Id.*

## ARGUMENT

### I.    Any Discovery At This Juncture Is Inappropriate Because The Court Has Not Yet Determined Its Own Jurisdiction.

The Court "has jurisdiction to determine its own jurisdiction[.]" *United States v. United Mine Workers of Am.*, 330 U.S. 258, 292 n.57 (1947). That said, before the Court confirms it has jurisdiction over the subject matter of the claims presented (including Plaintiffs' request for expedited discovery), its authority is limited. The Court may "determine the facts . . . or the law" relevant to its inquiry into its subject matter jurisdiction over the merits of the dispute, *id.*, and it may also enter orders to preserve or protect the status quo to afford it time to reach a determination on its jurisdiction. *Id.* at 293. In aid of its jurisdictional inquiry the Court may also permit

discovery to resolve factual issues necessary to its jurisdictional inquiry.  *See generally Diamond Servs. Mgmt. Co., LLC v. C&C Jewelry Mfg., Inc.*, Civ. A. No. 19-7675, 2021 WL 2433653, at *4 (N.D. Ill. June 15, 2021) ("although courts are reluctant to allow even jurisdictional discovery where personal jurisdiction seems clearly absent, jurisdictional discovery is still permitted in some circumstances to allow courts to determine whether they have jurisdiction").  But the Court's authority stops there before it satisfies itself that it has jurisdiction over a matter.

Controlling authorities make clear that a court may not turn to the merits before satisfying itself of jurisdiction.  *See, e.g.*, *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."); *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018) ("With regard to subject-matter jurisdiction, a court must assure itself of the existence of subject-matter jurisdiction before reaching the merits regardless of whether a party raises a jurisdictional challenge.").  Thus, a court lacks authority to command discovery into the merits of a dispute before determining whether jurisdiction exists.  *Aland v. Dep't of Interior*, Civ. A. No. 22-5821, 2022 WL 18027569, at *4 (N.D. Ill. Dec. 30, 2022) ("proceeding to merits discovery before subject matter jurisdiction has been litigated raises concerns about overstepping this court's authority" (cleaned up)).  "That is because a federal court acting without subject-matter jurisdiction violates federalism and separation-of-powers principles underlying our constitutional system." *Id.* (cleaned up; quoting *McHugh v. Ill. Dep't of Transp.*, 55 F.4th 529, 533 (7th Cir. 2022) ("if there is no jurisdiction there is no authority to sit in judgment of anything else" (quoting *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765,

778–79 (2000) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")))).

The Court must decide its jurisdiction before it exercises any other authority over Plaintiffs' renewed request for expedited discovery. The Court has no authority over the merits of suits that fall outside of its jurisdiction. Ordering discovery before determining the threshold jurisdictional issues raised by the Government would be inappropriate.

In addition, permitting discovery where Plaintiffs lack standing or have failed to plead facts making a claim for relief plausible would run counter to the Supreme Court's holdings on the role of motions to dismiss in civil actions. *See Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions[;] . . . only a complaint that states a plausible claim for relief survives a motion to dismiss."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 (2007) ("It is no answer to say that a claim just shy of plausible entitlement can be weeded out early in the discovery process[.]").

For this reason, cases are legion in holding that discovery should wait until after resolution of a threshold dispositive motion. *Iqbal*, 556 U.S. at 678 (a complaint that fails to state a plausible claim for relief "does not unlock the doors of discovery"); *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) ("[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending" (citing *Anderson v. U.S. Att'ys Off.*, Civ. A. No. 91-2262, 1992 WL 159186, at *1 (D.D.C. Jun. 19, 1992) (staying discovery during pendency of dispositive motion))); *see also Small Bus. in Transp. Coal. v. Dep't of Transp.*, Civ. A. No. 20-0883 (CKK), 2021 WL 7287302, at *1 (D.D.C. Mar. 21, 2021) ("Defendant's motion [to dismiss], if granted, would be dispositive of

Plaintiff's claims in this action. Accordingly, the Court finds that it would be inappropriate to allow Plaintiff the discovery it requests while Defendants' motion is pending."); *Loumiet v. United States*, 225 F. Supp. 3d 79, 82 (D.D.C. 2016) ("[C]ourts in this district have often stayed discovery while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." (cleaned up)); *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) ("Here, a stay of the Rule 26(f) conference and of discovery pending resolution of the threshold, dispositive motions is appropriate. Both threshold motions raise significant issues, and their resolution will likely define the scope of discovery, if any."); *Kelly v. Raimondo*, Civ. A. No. 20-3203 (RDM), 2022 WL 14807447, at *10 (D.D.C. Oct. 26, 2022) (granting stay of Rule 26(f) conference pending resolution of motion to dismiss); *Covad Commc'ns Co. v. Revonet, Inc.*, 250 F.R.D. 14, 18 (D.D.C. 2008) (noting that Court "stayed discovery pending resolution of [ ] Motion for Judgment on the Pleadings in order to save the litigants potentially unnecessary discovery expenses"); *Clemmons v. Dep't of Homeland Sec.*, Civ. A. No. 06-0518 (RCL), 2007 WL 2059796, at *1 (D.D.C. July 13, 2007) (granting stay of discovery pending resolution of dispositive motion); *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' . . . A stay of discovery in the circumstances presented here furthers the ends of economy and efficiency, since if either the plaintiffs' dispositive motion or defendant['s] . . . dispositive motion is granted, there will be no need for discovery." (quoting *Costal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979))); *Sinclair Nat'l Bank v. Off. of the Comptroller of the Currency*, Civ. A. No. 00-2398, 2000 WL 34012862, at *4 (D.D.C. Dec. 18, 2000) (staying discovery pending resolution of dispositive motion); *Kauffman v. Anglo-Am. Sch. of Sofia*, Civ. A.

No. 89-3419 (RCL), 1992 WL 200025, at *7 (D.D.C. July 30, 1992) (denying motion to reconsider stay of discovery pending resolution of dispositive motion); *Maljack Prods., Inc. v. Motion Picture Ass'n of Am.*, Civ. A. No. 90-1121, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990) (same); *Capital Eng'g & Mfg. Co. v. Weinberger*, Civ. A. No. 87-1623, 1988 WL 13272, at *1 (D.D.C. Feb. 5, 1988) ("courts have not hesitated to stay discovery as to the merits of an action pending initial consideration of preliminary, and potentially dispositive, motions"); *Prows v. Dep't of Just.*, Civ. A. No. 87-1657, 1988 WL 8256, at *7 (D.D.C. Jan. 22, 1988) (noting discovery stayed pending resolution of dispositive motion); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."); *Rutman Wine Co. v. E.&J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense").

Here, the threshold question of jurisdiction and whether Plaintiffs have stated any cognizable claim do not turn on the information that Plaintiffs seek through their expedited discovery requests. Those requests are addressed in more detail below and generally seek information about (1) the review process that the Department is undertaking pursuant to an Executive Order that Plaintiffs do not allege to be unlawful, (2) the identity of any non-Department individual, "including White House personnel and DOGE personnel" who has accessed "the data collected pursuant to the Survey," and (3) any routine use justifying the public disclosure of "any employee data collected pursuant to the Survey." Revised Disc. Reqs. (ECF No. 32-2) at 6.

None of these discovery requests addresses Plaintiffs' failure to plead, or otherwise establish, an imminent injury that could support standing for the prospective relief they seek based on the claims asserted or how the requested preliminary injunction would redress the alleged injury. Opp'n to Mot. to Dismiss (ECF No. 35) at 6-17. Nor do any of these discovery requests address the legal defects in the claims asserted in the Amended Complaint. For instance, they do not address the absence of any alleged pecuniary harm, a required element to assert a claim under the Privacy Act provisions cited in the Amended Complaint; they do not address the absence of injunctive relief for violations of those provisions; and they do not address whether the FBI's provision of the lists at issue to the Department is a permissible disclosure under the routine use and need to know provisions of 5 U.S.C. § 552a(b)—indeed, Plaintiffs expressly concede in their opposition to Defendants' motion to dismiss that they are not contending that the dissemination of the lists to the Department violated the Privacy Act. Opp'n to Mot. to Dismiss (ECF No. 35) at 26 n.10. Because the only disclosure that Plaintiffs have identified in their Amended Complaint as an alleged Privacy Act violation is the FBI's dissemination of the lists to the Department, this concession by Plaintiffs dispenses with their Privacy Act claims altogether and precludes Plaintiffs from relying on those claims as a basis for seeking any discovery.

To the extent the discovery requests focus on Plaintiffs' speculation as to whether the Department has plans to disseminate the lists outside of the Department, they are not entitled to discovery into that issue because they have not pled a plausible claim on that basis. The burden at the pleading stage is on the Plaintiff to plead sufficient facts "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and they cannot seek discovery without having satisfied that burden. Here, Plaintiffs have not pled a right to relief under the Privacy Act for the claim actually asserted regarding the FBI's provision of the lists to the Department (as their

concession above establishes), nor have they pled a cognizable claim based on their speculation about a possible disclosure outside of the Department.  They have not pled specific facts sufficient to raise a plausible inference that such a disclosure has occurred; Plaintiffs instead speculate about what they consider to be possible but that is insufficient to state a "plausible" claim for relief.  *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); *Twombly*, 550 U.S. at 555 (allegations must plead a "right to relief above the speculative level").  As to their speculation about a possible disclosure outside the Department, they also have not pled that they have experienced any pecuniary harm that would entitle them to relief under the Privacy Act for such a disclosure.  It is not Defendants' burden at the pleading stage to disprove Plaintiffs' speculation, which is why *Iqbal* holds that the "door to discovery" cannot be opened unless a plausible claim for relief has been asserted.

Similarly, Plaintiffs do not address the legal defects in their constitutional claims that are addressed in Defendants' motion to dismiss, Mot. to Dismiss (ECF No. 28) at 21-22, 26-27, and opposition to motion for preliminary injunction, PI Opp'n (ECF No. 34) at 30-35.  Those defects are numerous and include among other things that: (1) the lists at issue address Plaintiffs' employment information in their official capacities as FBI employees and thus do not reflect protected speech under the First Amendment; (2) Plaintiffs have not alleged that they engaged in any public speech or political activity prior to the initiation of the review process or compilation of the lists that could have made them a target of that process; to the contrary, they acknowledge that the sole requirement for inclusion on the list was official conduct in working on January 6 matters and thus their assertion that their inclusion was based on a perceived political affiliation is implausible because the lists—which identify all FBI personnel who worked on January 6

matters—invariably include individuals of varied political affiliations; (3) there has been no alleged adverse employment action experienced by any Plaintiff as required to assert a First Amendment retaliation claim; and (4) there is no substantive right to privacy under the Fifth Amendment nor do the lists reflect personal information (they reflect information about Plaintiffs' government employment). *See* Mot. to Dismiss (ECF No. 28) at 21-22, 26-27; PI Opp'n (ECF No. 34) at 30-35.

The discovery requests instead focus on matters that are either moot, not pled in the Amended Complaint, or not ripe for consideration. For instance, Plaintiffs contend that proposed interrogatory number one would be "informative . . . on the legality of the Survey data collection." Justification for Revised Disc. Reqs. (ECF No. 32-3) at 3. But Plaintiffs, who seek only prospective relief, acknowledged at the hearing on the motion for a temporary a restraining order that this issue is moot. Hr'g Tr. (Feb. 6, 2025) at 19-20. Indeed, Plaintiffs do not assert any such claim in the Amended Complaint. Moreover, the focus of this case has been on the lists that the FBI provided to the Department, not the survey results that were used to compile the lists. Although the FBI incorporated certain information from the survey results into the lists, the surveys themselves were not shared by the FBI with the Department.[1] PI Opp'n (ECF No. 34) at

---

[1] Defendants use the term "lists" to refer to the list that originally was provided by the FBI to the Department which identified employees by a unique employee identifier, Driscoll Email (ECF No. 11-2) at 2, and its subsequent version that identified employees by name, Driscoll Email (ECF No. 28-1) at 1. FBI represents that individual employee survey results were not provided by the FBI to the Department except to the extent incorporated in columns on the lists (i,e., the columns on the lists are limited to those limited columns described in the Driscoll email, plus an additional column – office to which they were assigned when they participated in the investigation/prosecution). ECF No. 11-2 at 1 (noting that the lists included the "Unique Employee Identifier [and now employee name], their current title, their title at the time of the relevant investigation or prosecution, the office to which they are currently assigned, their role in the relevant investigation or prosecution, and the date of last activity related to the investigation or prosecution"). In short, the FBI did not provide the Department with employee-specific information other than is contained within the lists.

1-2.  Discovery focused on the lists is unnecessary to address the threshold Rule 12(b)(1) and

12(b)(6) issues raised by Defendants for reasons addressed above, and discovery focused on the

or survey results (to the extent distinct from the lists, *supra* n.1) is even more attenuated.

Equally misplaced are requests that focus on the review process that is currently ongoing.

The focus of this lawsuit concerns the lists that the FBI provided to the Department and whether

the provision of the lists to the Department violated the Privacy Act, the Fifth Amendment, the

APA or the First Amendment.  Plaintiffs are not challenging as unlawful the Executive Order that

has directed the review process and, consequently, have no standing to assert any claim related to

that process nor have they plausibly pled any cognizable claim related to that process.  *See* Mot.

to Dismiss (ECF No. 28) at 12-13; PI Opp'n (ECF No. 34) at 11-17.  As regards to the scope of

the review process, the Department has discretion to determine how to implement an Executive

Order and its decisions regarding how to do so most efficiently and effectively are not subject to

judicial review.  Although Plaintiffs attempt to assert an APA claim, an ongoing review process is

not final agency action that could support such a claim nor is discovery available in APA actions

except in exceptional circumstances that have not been alleged here.  *See*, *e.g.*, *Dallas Safari Club*

*v. Bernhardt*, 518 F. Supp. 3d 535, 539-41 (D.D.C. 2021) (noting that discovery in "some failure-

to-act" APA cases may be necessary "because the agency quite literally has done nothing" and

finding that generally discovery in an APA case is unavailable because the court's review of the

agency action is limited to the administrative record).[2]  As this Court has previously noted,

"[d]iscovery is not typically available in APA cases or for constitutional claims that are premised

on the same issues and thus overlap with a plaintiff's APA claims."  *Krzywicki v. Del Toro*, Civ.

---

[2]      As discussed in Defendants' motion to dismiss, the requirement to produce an administrative record at this stage of the litigation is unnecessary because an administrative record is unnecessary to resolve Defendants' motion to dismiss.  Mot. to Dismiss (ECF No. 28) at 28 n.6.

A. No. 21-1508 (JMC), 2024 WL 4598338, at *10 (D.D.C. Oct. 29, 2024). Plaintiffs' First Amendment claim fails because, as already established, the review is focused on official conduct which is not protected by that Amendment. In the event the review process were to result in any adverse employment action, moreover, those decisions would be reviewable according to the exclusive remedial scheme of the Civil Service Reform Act, a scheme that does not vest jurisdiction in this Court. Mot. to Dismiss (ECF No. 28) at 24 n.5. Lacking standing to assert the claims at issue, and given the absence of any cognizable claim, Plaintiffs are not entitled to discovery. *Iqbal*, 556 U.S. 678–79 (conclusory allegations do not "unlock the doors of discovery").

## II. Plaintiffs Are Not Entitled to Expedited Discovery Because They Have Failed to Establish Good Cause.

Even if Plaintiffs could overcome the insurmountable jurisdictional impediment and the challenge to the legal sufficiency of their claims, their request for expedited discovery should still be denied because the applicable standard for such discovery has not been met. "To determine whether expedited discovery is appropriate, courts have developed two commonly recognized approaches: (1) the *Notaro* [*v. Koch*, 95 F.R.D 403 (S.D.N.Y. 1982),] test and (2) the reasonableness, or good cause, test." *Disability Rts. Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006). Courts in this District have favored the reasonableness test. *Legal Tech. Grp., Inc. v. Mukerji*, Civ. A. No. 17-0631 (RBW), 2017 WL 7279398, at *2 (D.D.C. Jun. 5, 2017). Plaintiffs agree. Renewed Disc. Mot. (ECF No. 32-1) at 4.

"Under the reasonableness test, 'courts consider the reasonableness of the request in light of the entire record to date and all of the surrounding circumstances." *Legal Tech.*, 2017 WL 7279398, at *2 (quoting *Disability Rights Council*, 234 F.R.D. at 6)); *see also Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 103-04 (D.D.C. 2018)

(collecting cases). Common factors include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Disability Rts. Council*, 234 F.R.D. at 6. Each factor favors denying the request.

*First*, briefing on Plaintiffs' motion for a preliminary injunction is well underway, with Plaintiffs having already filed their motion. *See generally* PI Mot. (ECF No. 25). Defendants have likewise filed their opposition, *see generally* Opp'n (ECF 35), and Plaintiffs' reply due March 21, 2025, Order (ECF No. 14) at 2. Briefing on Defendants' motion to dismiss is proceeding on a similar timeline, *see* Min Order (Mar. 12, 2025), and the Court will hear oral argument on the parties' motions together on March 27, 2025, *see* Min. Order (Mar. 11, 2025).

Any information Plaintiffs seek through this discovery, therefore, will be of limited use to those already-filed motions, as Plaintiffs effectively conceded by agreeing to a briefing schedule on their preliminary injunction motion that did not contemplate any discovery. Notice of Proposed Order (ECF No. 12) at 2 (requesting that the Court adopt the parties' proposed order, which included a schedule for briefing Plaintiffs' preliminary injunction). Moreover, the Court has declined to disturb that briefing schedule on account of Plaintiffs' motion for expedited discovery. *See* Min. Order (Feb. 19, 2025). And to the extent Plaintiffs wish to extend the preliminary injunction briefing schedule to permit for discovery, that would extend the duration of the existing Consent Order for a potentially indefinite period, effectively achieving an extended injunction contrary to the existing Consent Order.

*Second*, "plaintiffs' proposed discovery requests are not narrowly tailored to discovering [information relevant to their preliminary injunction motion] and instead seek significant discovery

on the merits." *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015).  Plaintiffs have certainly narrowed their discovery requests.  As they describe them, their renewed requests seek "those matters that relate to the Survey itself (as opposed to the Government's broader implementation of the Weaponization Memo) and the [Justice Department's] intent behind the Survey."  Renewed Disc. Mot. (ECF No. 32-1) at 5.  But Plaintiffs' preliminary injunction seeks to enjoin the Government "from publicly disclosing the Plaintiffs' identities along with the identities of those similarly situated" persons.  Proposed Order (ECF No. 25-2) at 1.  Plaintiffs have already conceded that the issues concerning the creation of the lists and their transmission from the FBI to the Department are moot.  Hearing Tr. (Feb. 6, 2025) at 19.  Plaintiffs therefore have failed to explain how the requested information "supplement[s their] allegations." *Lewis v. Mutond*, 62 F.4th 587, 596 (D.C. Cir. 2023).

At a first glance, the revised discovery requests appear limited; but close examination of Plaintiffs' revised discovery requests reveals that they still seek merits discovery that borders on being a "fishing expedition."  The Court has already declined "to order full-blown merits discovery[.]"  Min. Order (Feb. 28, 2025).  A request for expedited discovery is inappropriate if, as here, it "seeks to prove an element of the plaintiffs case[.]" *Attkisson*, 113 F. Supp. 3d at 162 (citation omitted).

> Interrogatory No. 2 asks Defendants to:
>
> Identify any additional information (meaning, beyond or in addition to the information compiled in the Survey) Defendants intend to collect about the Survey respondents which they plan to use to identify whether FBI personnel had 'partisan intent' or engaged in "weaponization,' as well as how those terms are defined by Defendants.

Revised Disc. Reqs. (ECF No. 32-2) at 6.  Interrogatory No. 4 similarly asks:

> In both the Terminations Memo and the February 5, 2025 Message from A/DAG Bove, Mr. Bove stated that DOJ is undertaking a "process" to review the conduct of FBI personnel who participated in the January 6 investigations. Identify and

describe the "process" identified by Mr. Bove and any lawful basis pursuant to which it is authorized.

*Id*.  Plaintiffs readily concede that these interrogatories are addressed to the merits of their claims concerning the internal review.  *See* Justification for Revised Disc. Reqs. (ECF No. 32-3) at 3 ("How the Government defines "weaponization" and what factors it will assess as part of its review into supposed "partisan intent" will directly bear on the Plaintiffs' First Amendment claims."); *id*. at 5 ("it appears all traditional and lawful forms of adverse action review processes are being eschewed in favor or summary terminations and de facto determinations of 'weaponization.'  If there has been any structured process to arrive at such consequential conclusions, it has not been shared with FBI personnel or anyone at FBIAA.").

Interrogatory No. 1 asks Defendants to identify every non-Department person who has accessed "the data collected pursuant to the Survey."  Revised Disc. Reqs. (ECF No. 32-2) at 6.  Plaintiffs assert that the information "would be informative both on the issue of imminence and on the legality of the Survey data collection."  Justification for Revised Disc. Reqs. (ECF No. 32-3) at 3.  Plaintiffs argue that "[a]ny full-scale disclosure of the list outside of the DOJ, including the White House, would undermine the Government's contention that the list compilation was in support of a 'review process' related to the Weaponization Executive Order directive."  Justification for Revised Disc. Reqs. (ECF No. 32-3) at 3.

These interrogatories are plainly merits discovery that the Court has already foreclosed.  Min. Order (Feb. 28, 2025).  To the extent Plaintiffs seek to enjoin the Department's internal review process, Plaintiffs do not explain, for example, how the information they seek helps them overcome "the general [un]availability of preliminary injunctions in Government personnel cases."  *Sampson v. Murray*, 415 U.S. 61, 84 (1974).

To justify Interrogatory Nos. 1, 2, and 4, Plaintiffs cite to the Court's statements during the TRO hearing that the Court would like Defendants to address Plaintiffs' First Amendment and Privacy Act claims. *See* Justification for Revised Disc. Reqs. (ECF No. 32-3) at 3, 4, 5. At that very early stage of the proceedings, Defendants had not had an opportunity to fully analyze Plaintiffs' claims and present all the threshold defects to the Court for its consideration. TRO Opp'n (ECF No. 11) at 11 ("Given the limited time to respond to Plaintiffs' motion for temporary restraining order prior to the hearing the morning of February 6, 2025, the Department is not in a position to address the numerous substantive flaws in Plaintiffs' claims in detail."). Moreover, since that hearing, Plaintiffs have revised their claims through their Amended Complaint, which allows Defendants to detail the legal reasons why the Court lacks subject-matter jurisdiction and Plaintiffs' claims fail. Mot. to Dismiss (ECF No. 28) at 10-29. Plaintiffs do not explain why they need the information to "respond to Defendants' legal arguments." Min. Order (Feb. 28, 2025).

Interrogatory Number 3 asks Defendants to "[i]dentify every purpose and routine use for which the Government claims it can lawfully publicly disclose any employee data collected pursuant to the Survey." Revised Disc. Reqs. (ECF No. 32-2) at 4. This interrogatory seeks a legal conclusion, not facts. To the extent such information exists, it would be exempt from discovery as work product. *See* Fed. R. Civ. P. 26(b)(3); *Miller v. Holzmann*, 238 F.R.D. 30, 32 (D.D.C. 2006) ("The court must take particular care to protect the mental impressions, conclusions, opinions, or legal theories of an attorney." (internal quotations omitted)). In any event, Plaintiffs again have failed to articulate why they need the information to "respond to Defendants' legal arguments." Min. Order (Feb. 28, 2025). For the same reasons, both document requests are not narrowly tailored to seek information Plaintiffs need to respond to Defendants' motion to dismiss.

Moreover, the Court should deny Plaintiffs' revised discovery request because discovery "is meant to allow the parties to flesh out allegations for which they initially have at least some modicum of objective support"; discovery "is not intended to be a fishing expedition[.]" *Diamond Servs. Mgmt Co., LLC v. Knobbe, Martens Olson & Bear, LLP*, 339 F.R.D. 334, 340 (D.D.C. 2021). This Court has previously observed in the context of the heightened Rule 9 pleading standard that "throw[ing] unsubstantiated accusations" does not permit Plaintiffs to "hunt for nefarious activity in discovery." *Manard v. Melton*, Civ. A. No. 17-2612 (JMC) 2023 WL 1963919, at *4 (D.D.C. Feb. 10, 2023). As explained in Defendants' motion to dismiss, Plaintiffs have failed to plead sufficient facts for their claims to survive a motion to dismiss. Mot. to Dismiss (ECF No. 28) at 21-29. Plaintiffs' conclusory allegations do "not unlock the doors of discovery." *Iqbal*, 556 U.S. 678-79.

*Third*, the burden to respond to the expedited discovery requests would be "heavy," but only a "low" burden "supports granting the motion for expedited discovery." *Attkisson*, 113 F. Supp. 3d at 165. Even assuming the information Plaintiffs seek exists, responding to Plaintiffs' discovery requests would involve multiple Executive departments and offices: the Department of Justice broadly (Interrogatory Nos. 2 through 4, and Document Request Nos. 1 and 2), the Office of the Deputy Attorney General specifically (Interrogatory Nos. 2 through 4, and Document Request Nos. 1 and 2), the White House (Interrogatory No. 1 and Document Request No. 2), and the U.S. DOGE Service (same). Moreover, to fully respond to any discovery seeking information from the Department, Defendants will be required to instruct every office of the Department to search for records because Plaintiffs' definition of "Department of Justice" includes every Department office and subcomponent. Revised Disc. Reqs. (ECF No. 32-2) at 2.

- 16 -

Moreover, each response to Plaintiffs' discovery requests necessarily will need to be evaluated for applicable privileges, which heightens the burden on the Government to respond to these requests expeditiously.  Privileges that could be implicated include the attorney-client privilege, the attorney work product doctrine, presidential communication privilege, and the deliberative process privilege.  Thus, it is not clear whether Plaintiffs will be able to obtain the information they seek in any expedited timeline, even if permitted to serve their requests and the information they seek actually exists.  What is certain, however, is that responding to these expansive discovery requests would place a "heavy" burden on Defendants' officials, which the Supreme Court has cautioned against, especially where, like here, these consolidated actions cannot survive a motion to dismiss:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed.  Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Iqbal*, 556 U.S. at 685.

*Fourth*, the timing of the discovery requests counsels against granting Plaintiffs' motion. "Because discovery typically occurs after the resolution of motions to dismiss, presenting a motion for expedited discovery prior to rulings on motions to dismiss is often disfavored." *Attkisson*, 113 F. Supp. 3d at 165 (cleaned up).  "[R]equiring defendants to comply with an order for expedited discovery when the case may later be dismissed for failure to state a claim could "force the defendants to expend significant resources responding to discovery requests in a case where plaintiffs did not have a viable cause of action." *Id.* (cleaned up).  Here, Plaintiffs' requested discovery comes before the Court has had an opportunity to resolve the Department's motion to dismiss.  ""At the very least, reasonableness dictates that the Court consider [the Defendants']

motion to dismiss before requiring extensive and expensive discovery.'" *Id.* at 165-66 (quoting *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 99 (D.D.C. 2014)).

Furthermore, Plaintiffs' delay in seeking discovery also counsels against granting their last-minute request here.  Plaintiffs had plenty of opportunities to seek leave for expedited discovery in this case but they simply failed to do so.  Beyond a single cursory reference at the beginning of the nearly six-hour hearing to "limited discovery," Hr'g Tr. (Feb. 6, 2025)  at 17 ("If we needed to go into more detail with the Court, we can certainly go down that route and we would ask for limited discovery as well to be able to show further documentation as to what was happening."), Plaintiffs did not press the possibility or explain the need for expedited discovery before they could file their preliminary injunction motion.  In fact, Plaintiffs waited another eight days after the hearing before contacting Defendants' counsel over the federal holiday weekend to advise of Plaintiffs' first anticipated discovery motion.  Even then, their outreach was just a notice of an intent to seek discovery, without any explanation as to the scope of the discovery, its timing, or purpose.  Plaintiffs specifically indicated they would further confer with Defendants before seeking leave from this Court to serve their discovery requests.

Not much changed after the Court denied Plaintiffs' first motion for expedited discovery. The parties conferred on March 5, 2025, regarding Plaintiffs' anticipated renewed motion for expedited discovery.  Plaintiffs still waited nearly another week before filing their renewed motion on March 10, 2025.  At that point, over a month had passed since Plaintiffs filed their case and the parties appeared before the Court on Plaintiffs' TRO motion.

*Finally*, the relevant information necessary for the Court to rule on the parties' litigation over Plaintiffs' motion for preliminary injunction and Defendants' motion to dismiss is already in the record.  Ignoring their own failure to plead any facts to state a claim, Plaintiffs assert that

"representatives from [the Justice Department] have been unable to provide answers or explanations to basic factual matters[.]" Renewed Disc. Mot. (ECF No. 32-1) at 3. But the records Defendants have provided establish the stated bases for the Department seeking information from the FBI regarding personnel involved on January 6 matters, information about the survey and the recipients of the survey, and how the list of personnel at issue is intended to be used. *See* TRO Opp'n Exs. 1-4 (ECF No. 11-1 to 11-5); Mot. to Dismiss Ex. 1 (ECF 28-1).

In sum, Plaintiffs have failed to establish whey they are unable to respond to Defendants' legal arguments or how the discovery Plaintiffs seek would allow them to address the facial deficiencies in their purported claims. Because the rules do not permit the "unlock[ing] [of] the doors of discovery for a plaintiff armed with nothing more than conclusions," *Iqbal*, 556 U.S. at 678–79, and conclusory allegations form the basis of Plaintiffs' claims, their renewed request for expedited discovery should be denied.

*    *    *

**CONCLUSION**

For these reasons, Defendants respectfully requests that the Court deny Plaintiffs' renewed motion for expedited discovery.

Dated: March 18, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/ *Dimitar P. Georgiev*_____
    DIMITAR P. GEORGIEV, D.C. BAR #1735756
    JEREMY S. SIMON, D.C. BAR #447956
    Assistant United States Attorneys
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2500 (main)

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN AND JANE DOES 1 TO 9, et al.,

Plaintiffs,

v.

DEPARTMENT OF JUSTICE, et al.,

Defendants.

Civil Action Nos.
25-0325 (JMC), 25-0328 (JMC)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiffs' renewed motion for expedited discovery, Defendants' opposition, and the entire record herein, it is hereby

ORDERED that Plaintiffs' motion is DENIED.

SO ORDERED:

_____          _____
Date                      JIA M. COBB
                          United States District Judge