UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1-9, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-0325 (JMC) |
| FEDERAL BUREAU OF INVESTIGATION AGENTS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 25-0328 (JMC) |

**PLAINTIFFS' (OPPOSED) MOTION TO CONTINUE**
<u>**PRELIMINARY INJUNCTION HEARING**</u>

The above-captioned consolidated Plaintiffs respectfully move this Court to continue the preliminary injunction hearing currently scheduled for March 27, 2025. Min. Order, Feb. 7, 2025. Specifically, the consolidated Plaintiffs request that the preliminary injunction hearing be rescheduled to **April 28, 2025, or the next available date that is convenient to the Court**, so that the parties' arguments and the Court's analysis can be properly based on any discovery disclosures made on or before April 14, 2025 pursuant to the Court's March 22, 2025 Opinion and Order. Dkt. 38. Based on the Court's Minute Order of March 11, 2025, indicating that judicial

1

economy would warrant resolving Defendants' Rule 12 motion and Plaintiffs' motion for a preliminary injunction simultaneously, the requested continuance would respectfully also apply to any hearing on the parties' Rule 12 filings, if such a hearing is deemed necessary by the Court. In accordance with Local Civil Rule 7(m), Plaintiffs conferred via email with Defendants prior to filing this motion. Defendants submitted the following paragraph in response:

"Defendants oppose continuing the preliminary injunction hearing. As Defendants will explain in further detail in an opposition to be filed tomorrow, Defendants are entitled to an expeditious ruling on Plaintiffs' motion for a preliminary injunction in light of the existing consent order. Any continuance amounts to a de facto granting of Plaintiffs' motion for preliminary injunction without the requisite findings or right to immediate appeal."

## **DISCUSSION**

On March 22, 2025, this Court granted in part and denied in part Plaintiffs' revised motion for expedited discovery. Dkts. 32, 38. In its Opinion and Order, the Court ordered that Defendants provide certain discovery to Plaintiffs no later than April 14, 2025. *See* Dkt. 38 at 18. It also noted that "[i]f the parties seek any adjustment to the existing schedule in light of the Court's order, they shall promptly notify the Court." *Id*. The Court indicated that the approved discovery would address jurisdiction as well as "issues essential" to the motion for preliminary injunction. *Id*. at 7. Indeed, the responses provided as a result of judicially approved discovery could very well determine, or certainly help shape, the Court's decision regarding specific aspects of the preliminary injunction.

One of the primary purposes behind Plaintiffs' discovery motion was to create a complete factual record prior to the preliminary injunction hearing. *See* Dkt. 32-1 at 5-6; *see also* Dkt. 37 at 21-23 (discussing importance of establishing proper factual record for preliminary injunction

2

hearings). The Defendants, through their opposition to allowing time for limited discovery, seek to press forward with a hearing knowing that the factual record will be incomplete and that the Court will be deprived of evidence that it has determined may be relevant to its jurisdiction. This position will mostly likely require the Court to hold two hearings – one without the benefit of relevant evidence and one with it.

Moreover, Defendants had previously indicated (by lack of objection) that the consent order would remain in place until the Court ruled on the preliminary injunction, without requesting any specific timeline within which that ruling had to be made:

> THE COURT: One question I have is if I were to grant the TRO your request then is that it would be in effect until at least March 21st?
> MR. ZAID: I would say I guess at least until you decide the PI.
> THE COURT: Okay.
> MR. ZAID: I mean obviously if we lost the PI, one would logically mean we would lose the TRO. But that would fall by the wayside if we couldn't support it for a PI so it would have -- the TRO would have to stay in effect until you ruled on the PI. Does that make sense?
> THE COURT: I'm sorry, go ahead.
> MR. SIMON: This schedule was negotiated or discussed while we were talking about a potential resolution. But if the Court does grant the TRO --
> THE COURT: Then we'll revisit this. Yes, if I were to grant a TRO, I would talk about an expedited schedule. If there's a consent order in place then -- I agree with Mr. Simon, but we'll cross that bridge when we get there.

Feb. 6 Draft Hearing Tr. at 94:24-95:17.

While neither party expressly discussed an expiration date for the Consent Order, Dkt. 14, it is clear that both parties envisioned it remaining in place at least until the Court issued a ruling on the preliminary injunction, *i.e.*, some amount of time *after* the hearing date of March 27, 2025. Plaintiffs' request for an approximate 30-day continuance could hardly be seen as a distortion of this uncontested understanding. Given that the preliminary injunction would not be heard until the April 28 hearing, it is axiomatic that granting this short continuance would not equate to granting Plaintiffs' preliminary injunction motion.

**CONCLUSION**

Deciding whether to grant a continuance is a matter within a district court's wide latitude of discretion, which will only be questioned for a clear abuse of that discretion. *United States v. Eiland*, 738 F.3d 338, 355 (D.C. Cir. 2013) (quoting *United States v. Burton*, 584 F.2d 485, 489-90 (D.C. Cir. 1978)). For the reasons outlined above, Plaintiffs request a continuance of the preliminary injunction hearing currently scheduled for March 27, 2025, **until April 28, 2025, or the next available date that is convenient for the Court**.

Respectfully Submitted,

| | |
|---|---|
| LAW OFFICE OF MARK S. ZAID, P.C. | CENTER FOR EMPLOYMENT JUSTICE |
| By: *Mark S. Zaid*<br>MARK S. ZAID, D.C. Bar #440532<br>BRADLEY P. MOSS, D.C. Bar #975905<br>1250 Connecticut Avenue, NW, Suite 700<br>Washington, D.C. 20036<br>(202) 498-0011<br>Mark@MarkZaid.com<br>Brad@MarkZaid.com<br>*Attorneys for John Does 1,3-4,*<br>*Jane Does 1-3 (25-328)* | By: *Pamela M. Keith*<br>PAMELA M. KEITH, D.C. Bar #448421<br>SCOTT M. LEMPERT, D.C. Bar #1045184<br>650 Massachusetts Ave., NW, Suite 600<br>Washington, DC 20001<br>(202) 800-0292<br>pamkeith@centerforemploymentjustice.com<br>Slempert@centerforemploymentjustice.com<br>*Attorneys for John and Janes Does 1-9, et al.*<br>*(25-325)* |
| STATE DEMOCRACY DEFENDERS FUND | KOSKOFF, KOSKOFF & BIEDER, PC |
| By: *Norman L. Eisen*<br>NORMAN L. EISEN, D.C. Bar # 435051<br>POOJA CHAUDHURI, D.C. Bar # 888314523<br>600 Pennsylvania Avenue, SE, #15180<br>Washington, D.C. 20003<br>(202) 594-9958<br>norman@statedemocracydefenders.org<br>pooja@statedemocracydefenders.org<br>*Attorneys for John Does 1,3-4,*<br>*Jane Does 1-3 (25-328)* | By: *Margaret M. Donovan*<br>CHRISTOPHER M. MATTEI, Bar # 27500 (*phv*)<br>MARGARET M. DONOVAN, Bar # 31787 (*phv*)<br>350 Fairfield Ave., Suite 501<br>Bridgeport, CT 06604<br>(203) 336-4421<br>cmattei@koskoff.com<br>mdonovan@koskoff.com<br>*Attorneys for Federal Bureau of Investigation*<br>*Agents Association (25-328)* |