UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1 TO 9, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action Nos.<br>25-0325 (JMC), 25-0328 (JMC) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION TO CONTINUE**

Defendants the Department of Justice (the "Department") and the United States of America (collectively, the "Defendants") submit this opposition to Plaintiffs Motion to Continue ("Mot.," ECF No. 39).

**INTRODUCTION**

On February 7, 2025, the parties submitted a proposed consent order (ECF No. 12-1) that the Court entered that same day (ECF No. 14). By its terms, the consent order held in abeyance the pending motions for temporary restraining order under certain terms that would remain in effect pending resolution of Plaintiffs' anticipated motion for preliminary injunction. Proposed Order (ECF No. 12-1) at 1. The parties' submission included a schedule for briefing the anticipated motion for preliminary injunction that was consistent with the schedule the parties discussed with the Court at the end of the hearing the preceding day. *Id*. at 2; *see also* Hr'g Tr. (Feb. 6, 2025) at 96. As reflected in the hearing transcript, the schedule proposed by the parties contemplated that the Court would hold a preliminary injunction hearing the week of March 24, 2025. Hr'g Tr. (Feb. 6, 2025) at 96. Indeed, after submission of the proposed consent order, the Court set March 27, 2025, as the date for the preliminary injunction hearing. Order (ECF No. 14) at 2. Although not

an expressed condition of the consent order, the record amply establishes that all parties understood that Defendants' agreement to the consent order was dependent on a prompt resolution of Plaintiffs' anticipated preliminary injunction motion.

## ARGUMENT

Plaintiffs' request to continue the preliminary injunction hearing by one month should be denied because it would be unduly prejudicial to Defendants. In light of the consent order, any continuance amounts to a de facto extension of the injunction set forth in that order without the requisite findings or right to immediate appeal. Yet, a "preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). Such extension, moreover, denies Defendants' their statutory right to immediately appeal the grant of a preliminary injunction. *See* 28 U.S.C. § 1292(a)(1). Plaintiffs' attempts at downplaying the significant burden the preliminary injunction and this case places on Defendants are to no avail. *See* Mot. (ECF No. 39) at 3. Federal Rule of Civil Procedure ("Rule") 65(c) recognizes that an injunction burdens the enjoined party and requires the posting of a bond, which Plaintiffs have not done. Fed. R. Civ. P. 65(c).

Remaining under the consent order beyond the anticipated period for resolving Plaintiffs' preliminary injunction motion is unduly prejudicial given the substantial and threshold questions raised by Defendants' filings regarding the Court's lack of jurisdiction and the absence of any cognizable claim entitling Plaintiffs to injunctive relief. Currently, both Plaintiffs' motion for preliminary injunction and Defendants' motion to dismiss are ripe for the Court's ruling. Briefing as to the former was completed on March 21, 2025, and as to the latter on March 24, 2025. Defendants' reply in support of its motion to dismiss—filed March 24—emphasized several expressed and/or implicit concessions by Plaintiffs that are dispositive of this lawsuit, including

with respect to Plaintiffs' Privacy Act claims (Plaintiffs admit there has been no violation of the Privacy Act to date), APA claim (Plaintiffs have not identified any final agency action that they are challenging), First Amendment claims (Plaintiffs admit that they were included on the lists at issue because of their work on January 6 matters not based on a perception of political affiliation), and mandamus claim (Plaintiffs have not identified any discrete, mandatory duty that has not been complied with on which to request mandamus relief).  Defs.' Reply (ECF No. 40) at 13-25. Consequently, there is no basis for delay in a hearing to address these and other issues.

The request for continuance also should be denied because it is the result of Plaintiffs' own delay in raising the issue of expedited discovery.  Plaintiffs did not raise the issue at the February 6, 2025, hearing and, instead, waited until February 17, 2025, to first move for such discovery. *See generally* First Mot. for Discovery (ECF No. 20).  That initial request was so facially overbroad that it was denied outright by the Court by order dated February 28, 2025.  Min. Order (Feb. 28, 2025).  Plaintiffs then waited an additional ten days, until March 10, 2025, to file a renewed motion for expedited discovery.  *See generally* Renewed Disc. Mot. (ECF No. 32).  That is the motion that the Court granted in part by order dated March 22, 2025, Mem. Op. & Order (ECF No. 38), and it is that order that forms the basis for Plaintiffs' request for continuance, Mot. (ECF No. 39). Plaintiffs, however, have failed to explain why it took them nearly five weeks during a six-week briefing schedule to present for the Court's consideration a plausible motion for expedited discovery.  The Court should not reward such dilatory behavior by granting a continuance that would have the effect of extending the injunction in the consent order.

Defendants recognize that the Court, in its March 22 order, indicated that it might require responses to the limited discovery to determine its jurisdiction.  In making that determination, the Court did not have the benefit of Defendants' recently filed reply which, Defendants maintain,

establishes that discovery is not needed to resolve that threshold jurisdictional issue. Nevertheless, to facilitate the prompt resolution of this matter, Defendants intend to respond to the interrogatories soon. Those responses will confirm that the lists at issue have not been disclosed outside the Department and the review process remains at an early stage, all of which should provide the Court with any additional information it believes may be needed to assess jurisdiction.

Defendants also recognize that the Court's March 22 order directed Defendants to "produce" certain documents by April 14, 2025. Mem. Op. & Order (ECF No. 38) at 18. The Court's order, however, fails to afford Defendants the opportunity to assert applicable privileges over any potentially responsive documents (to the extent responsive documents exist) in lieu of producing them. Because the document requests permitted by the Court seek information about an ongoing review process that is the subject of litigation, it is likely that responsive documents, if any, will implicate various privileges, including the attorney-client privilege, the deliberative process privilege, and/or the work product doctrine, among others. Defendants intend to file a separate motion for clarification and/or reconsideration of the Court's order to clarify that Defendants retain the right to assert applicable privileges in lieu of producing them by the stated date. *See* Fed. R. Civ. P. 26(b)(1) (providing that the scope of discovery excludes privileged materials). As litigation over privilege may be time consuming, resolution of Plaintiffs' motion for preliminary injunction should not await the outcome of that process.

Nor is such a delay necessary given the numerous legal deficiencies that Defendants have identified with respect to Plaintiffs' Amended Complaint. "[A] court does not exercise its power to declare the law, and thus need not resolve difficult questions of its jurisdiction, when a prior judgment of the court forecloses the merits issue." *Sherrod v. Breitbart*, 720 F.3d 932, 937 (D.C. Cir. 2013). As discussed in Defendants' reply, Plaintiffs' multiple significant concessions,

coupled with Supreme Court and D.C. Circuit precedent, foreclose all of Plaintiffs' claims. Denying the motion for preliminary injunction and granting Defendants' motion to dismiss for failure to state a claim, would not require the Court to use its "law-declaring powers." *See Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007). In short, the Court may assume the existence of jurisdiction to resolve and still grant Defendants' motion to dismiss for failure to state a claim, which leads to the same result: dismissal of Plaintiffs' case entirely.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny the motion to continue and proceed with the hearing on March 27, 2025.

Dated: March 25, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       /s/ *Dimitar P. Georgiev*
DIMITAR P. GEORGIEV, D.C. BAR #1735756
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
(202) 252-2500 (main)

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1 TO 9, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action Nos.<br>25-0325 (JMC), 25-0328 (JMC) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiffs' motion to continue, Defendants' opposition, and the entire record herein, it is hereby

ORDERED that Plaintiffs' motion is DENIED.

SO ORDERED:

_____        _____
Date                                             JIA M. COBB
                                                 United States District Judge