UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1-9, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Case No. 25-cv-325 (JMC) |
| FEDERAL BUREAU OF INVESTIGATION AGENTS ASSOCIATION, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>    Defendants. | Case No. 25-cv-328 (JMC) |

**ORDER**

Plaintiffs move to continue tomorrow's preliminary injunction hearing in light of the Court's recent order, ECF 38, granting limited, expedited discovery. ECF 39. Defendants oppose. ECF 41. For the reasons explained below, the Court **GRANTS** Plaintiffs' motion and **CONTINUES** the preliminary injunction hearing to **April 30, 2025** at **10:30 AM**. The hearing will be on the record before Judge Jia M. Cobb in Courtroom 3.

First, the Court finds that it would be inefficient to hold a preliminary injunction hearing before any discovery has been produced. Doing so would likely require additional briefing (and even a second hearing) after discovery comes in. The Court takes Defendants' point that this continuance could have been avoided had Plaintiffs raised the need for discovery earlier. *See*

1

ECF 41 at 3. But regardless, we are here now. The Court has ordered limited jurisdictional discovery and determined that Defendants need some reasonable period of time in which to produce that discovery. *See* ECF 38. A continuance is necessary to accommodate that ruling. To be clear, the Court is not suggesting that it would delay resolution of the parties' pending motions until every last discovery issue is resolved—but it would be premature to hold a preliminary injunction hearing before the discovery process has even begun.

Second, the preliminary injunction hearing was scheduled before Defendants filed their motion to dismiss. *See* Feb. 7, 2025 Min. Order; ECF 28. The Court has since denied Plaintiffs' request to stay briefing on that motion (a request Defendants opposed, *see* ECF 31 at 4), in the interest of resolving Defendants' and Plaintiffs' competing motions together. The motion to dismiss became ripe two days ago. *See* ECF 40. A short continuance will provide the Court sufficient time to fully review both sets of briefing.

Third, Defendants contend that a continuance would be "unduly prejudicial" because "[i]n light of the consent order, any continuance amounts to a de facto extension of the injunction set forth in that order without the requisite findings or right to immediate appeal." ECF 41 at 2. But a consent order is just that—an order that the parties (of their own volition) negotiated and consented to. A consent order is not a preliminary injunction. Furthermore, this consent order only prevents Defendants from doing one thing: publicly disseminating the list of names at issue in this case. ECF 14. To quote Defendants, "[t]he Department has repeatedly represented that it has no present intention of publicizing the list at issue." ECF 28 at 27. If that is no longer the case—if Defendants do intend to release this list of names and therefore believe that they are prejudiced by remaining a party to a consent order that prevents them from doing so—they may terminate the consent order with two business days' notice to Plaintiffs and the Court, ECF 14, and the Court will immediately

convene a hearing on Plaintiffs' motion for TRO that was held in abeyance. The Court cannot agree that Defendants are unduly prejudiced by a consent order that they can terminate with two days' notice, and that prevents them only from taking an action they allegedly have no interest in taking.

Finally, the Court turns to Defendants' privilege concerns. The Federal Rules provide only for discovery of non-privileged material, so it should go without saying that the Court's recent order—like any other discovery order—does not compel Defendants to turn over privileged material. There is therefore no need for Defendants to file any motion to clarify the Court's order granting limited discovery. To aid the parties and the Court in resolving any privilege objections Defendants shall produce a privilege log that make the bases for their withholdings clear. Defendants are free to serve their objections to Plaintiffs' document requests, including any objections based on privilege, in advance of the April 14 discovery deadline to expedite resolution of any issues.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: March 26, 2025