# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1 TO 9, et al., | |
| Plaintiffs, | |
| v. | Civil Action Nos. 25-0325 (JMC), 25-0328 (JMC) |
| DEPARTMENT OF JUSTICE, et al., | |
| Defendants. | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' INTERROGATORIES AND DOCUMENT REQUESTS

Defendants the Department of Justice (the "Department") and the United States of America (collectively, "Defendants") respond to Plaintiffs' Interrogatory Nos. 1 and 4 and Document Request Nos. 1 and 2 as revised by the Court's Memorandum Opinion and Order (ECF No. 38). Defendants' responses are based upon the information that is presently known and available to Defendants, based upon reasonable investigation to date. Defendants reserve the right to supplement and amend these responses in the event they become aware of additional, relevant information. These responses are being made subject to, and without waiver of, the objections asserted in Defendants' opposition to Plaintiffs' renewed motion for expedited discovery. All such objections are incorporated herein by reference.

**SPECIFIC OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NUMBER ONE:** Identify every non-DOJ person, including White House personnel and DOGE personnel, who is known to have, or had, access to the data collected pursuant to the Survey.

Specific Objections:

1. Defendants object to the term "Survey" as vague and ambiguous. In responding to this interrogatory, Defendants understand the term "Survey" to refer to the survey of FBI personnel that the FBI developed and utilized to prepare the lists as referenced in an email from the FBI Acting Deputy Director dated February 2, 2025 (Civ. A. No. 25-0325 (JMC), ECF No. 11-5). Defendants understand the term lists to refer to the two versions of the lists referenced in the Consent Order (Civ. A. No. 25-0325 (JMC), ECF No. 14).

2. Defendants object to the phrase or term "every non-DOJ person," "DOJ" and "data collected pursuant to the Survey" as vague and ambiguous. In responding to this interrogatory, Defendants understand the phrase "data collected pursuant to the Survey" to refer to the questionnaire responses that Federal Bureau of Investigation ("FBI") personnel (including supervisors on behalf of their employees) provided, and that the term "access to the data collected pursuant to the Survey" refers solely to authorized access to the actual questionnaire responses themselves or to the data transmitted in the lists themselves. As their pleadings reflect, one or more of the Plaintiffs apparently has shared their individual survey results with their counsel, and any such disclosures were not authorized by the FBI or the Department or considered to be official disclosures by the FBI or the Department.

3. Defendants understand the term "DOJ" to encompass employees and contractors of the Department of Justice, as well as any employees or contractors of any component of the Department of Justice. Defendants understand the term "non-DOJ person" to refer to White House personnel and Department of Government Efficiency personnel as specifically stated in the

2

interrogatory; employees or contractors of the federal government working for agencies other than the Department of Justice (or Department components); and individuals outside the federal government.

4. Defendants object to the interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent Plaintiffs contend that the above-referenced terms should be interpreted differently than as stated above, including to the extent the interrogatory seeks information about disclosures made by Plaintiffs that were not authorized by the Department.

5. Defendants interpret the Court's reference to "DOJ's Leadership Offices (i.e., the offices at Main Justice that house the decision-makers relevant to this suit)," Order (ECF No. 38) at 15, to mean the Office of the Deputy Attorney General. Defendants object to this interrogatory as irrelevant and disproportional to the needs of the case to the extent that it seeks information beyond the Office of the Deputy Attorney General or the FBI, as limited by the Court's Order (ECF No. 38) at 15.

Response: Subject to and without waiving any of the foregoing objections, the Department states that it has not shared the lists, or any data collected pursuant to the survey of FBI personnel, with any non-DOJ person.

**INTERROGATORY NUMBER FOUR: In both the Terminations Memo and the February 5, 2025 Message from A/DAG Bove, Mr. Bove stated that DOJ is undertaking a "process" to review the conduct of FBI personnel who participated in the January 6 investigations. Identify and describe the "process" identified by Mr. Bove.**

Specific Objections:

1. Defendants object to this interrogatory to the extent it calls for the disclosure of information protected by applicable privilege, including, but not limited to, the attorney-client privilege, deliberative process privilege, and the work product doctrine.

3

2.       Defendants understand this interrogatory as seeking information solely from the Office of Deputy Attorney General.  To the extent Plaintiffs contend that this interrogatory seeks information other than from the Office of Deputy Attorney General, Defendants object to this interrogatory as overly broad and disproportionate to the needs of the case.

<u>Response</u>:  Subject to and without waiving the foregoing objections, the Department states that it plans to lead a review process that will begin with an evaluation of documents relating to investigations concerning events on January 6, 2021, including communications by Department and FBI personnel as well as other relevant materials such as documents relating to arrests, searches, and other operational plans.  Following that review, the Department will conduct interviews with certain FBI personnel identified during the review, as appropriate.  Depending on the outcome of the process, if any FBI personnel are determined to have engaged in criminal behavior or other misconduct, appropriate disciplinary actions may be taken, which may include, without limitation, demotions, suspensions, or terminations.  However, the Department has not commenced this process; the Department has neither accessed the unclassified list of names that prior acting FBI leadership claimed to have sent to the Department via classified email nor reviewed documents or conducted interviews.

**SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION ONE:  Any Document that relates to the Government's intent for any potential future disclosure of the Survey.**

<u>Specific Objections</u>:

1.       Defendants object to the terms "intent" and "potential future disclosure" as vague and ambiguous.  Defendants understand this request as seeking documents relating to any intention by the Office of Deputy Attorney General or the FBI—the two "components" to which discovery is limited pursuant to the Court's March 22, 2025 order—to disclose or not disclose the individual

4

survey results or the lists outside the Department of Justice. To the extent Plaintiffs interpret those terms more broadly, Defendants object to this document request as overly broad and disproportionate to the needs of the case.

2. Defendants object to this document request to the extent it calls for the disclosure of information protected by applicable privilege, including, but not limited to, the attorney-client privilege, deliberative process privilege, and the work product doctrine. Defendants are not logging on a privilege log—and deem non-responsive—documents that are solely internal to the Department and which are related to its work in the defense of the above-referenced litigation. Further, a log disclosing such internal communication could reveal attorney work product and would be objectionable on that basis.

3. Defendants object to producing documents that are publicly available or already in possession of the Plaintiffs or their counsel.

Response: Subject to and without waiving any of the foregoing objections, and based upon a reasonable search undertaken to date, the Department states that it has not identified any responsive documents, whether privileged or non-privileged. The Department also has not identified any non-privileged documents not already on the public docket or in the possession of Plaintiffs or their counsel reflecting an intention not to disclose the lists or individual survey results outside the Department.

**REQUEST FOR PRODUCTION TWO: Any Document that relates to the Government's Responses to any of the Interrogatories above.**

Specific Objections:

1. Defendants incorporate by reference their objections to the interrogatories as set forth above.

5

2. Defendants object to this document request to the extent it calls for the disclosure of information protected by applicable privilege, including, but not limited to, the attorney-client privilege, deliberative process privilege, and the work product doctrine.

3. Defendants understand this request as being limited to documents relating to the response to the referenced interrogatories, which is how the document request is phrased. Defendants note that, in Plaintiffs' original proposed discovery that the Court deemed overly broad and disproportionate to the needs of the case, Plaintiffs sought documents related to the "intended process for implementing the Restoring Integrity Memo" and the "intended process for implementing the Weaponization Executive Order." Pls.' Requests for Expedited Discovery (ECF No. 20-2) at 8. Plaintiffs' revised discovery did not include such requests, nor has the Court permitted Plaintiffs to propound such requests. Accordingly, Defendants object to this document request as it relates to Interrogatory No. 4 to the extent Plaintiffs contend it should be interpreted as seeking documents related to the "process" referenced in Interrogatory No. 4 as opposed to Defendants' response to that interrogatory.

4. Defendants object to producing documents that are publicly available or already in possession of the Plaintiffs or their counsel.

Response: Subject to and without waiving any of the foregoing objections, and based upon a reasonable search undertaken to date, the Department states that, with respect to Interrogatory No. 1, it has not identified any responsive documents; and with respect to Interrogatory No. 4, the Department states that it has not identified any responsive documents that are not already on the public docket or in the possession of Plaintiffs or their counsel.

Dated: April 14, 2025

For Objections,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney


By: _____
    DIMITAR P. GEORGIEV, D.C. BAR #1735756
    JEREMY S. SIMON, D.C. BAR #447956
    Assistant United States Attorneys
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2500 (main)

*Attorneys for the United States of America*