UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1 TO 9, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | Civil Action Nos. <br> 25-0325 (JMC), 25-0328 (JMC) |

**DEFENDANTS' NOTICE OF COMPLIANCE**
**AND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Consistent with the Court's March 22, 2025, order on expedited discovery (ECF No. 38), Defendants provide notice that, by email dated April 14, 2025, Defendants served their discovery responses on Plaintiffs' counsel. Those discovery responses are attached to this filing (Ex. 1), along with a letter responding to two questions raised by Plaintiffs with respect to those responses (Ex. 2).[1]

As Defendants' discovery responses reflect, neither the lists at issue in this case, nor any data reflected on those lists or collected pursuant to the FBI's survey of its personnel, have been shared outside the Department of Justice. Resp. to Interrog. No. 1. Moreover, the review process referenced in the so-called "February 5, 2025 Message" (ECF No. 11-3) remains at an early stage. Resp. to Interrog. No. 4. These responses, therefore, further establish that Plaintiffs lack standing

---

[1] Defendants dispute Plaintiffs' inaccurate representations maligning the efforts by counsel for Defendants to apprise Plaintiffs of their intention to respond to the questions posed by Plaintiffs in the face of numerous other competing case commitments. Pls.' Notice (ECF No. 44) at 2. Any perceived delay in responding to Plaintiffs' questions reflects the already heavy caseload and flood of TRO and PI matters at the U.S. Attorney's Office in recent days. *See, e.g.*, Minute Order, *Nagarapu v. Student & Exch. Visitor Program*, Civ. A. No. 25-1175 (JMC) (D.D.C., Apr. 18, 2025).

to bring any of their claims.  *See* Order (ECF No. 38) at 12-13 (permitting Interrogatory No. 1 on the basis that standing might be established if "Plaintiffs' information has in fact already left the DOJ in a way that did not conform with the Privacy Act"); *id*. at 13 (permitting Interrogatory No. 4 on the basis that the "Court must assess whether Plaintiffs have sufficiently alleged" a future adverse action that "is imminent or merely speculative").

Plaintiffs have conceded that the FBI's sharing of the lists with the Department did not violate the Privacy Act, Opp'n to Mot. to Dismiss (ECF No. 35) at 26 n.10, and so Plaintiffs impermissibly ask this Court to issue an advisory opinion addressed entirely to speculative future conduct.  The Supreme Court's observation in *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972), is dispositive of that effort, particularly to the extent Plaintiffs—as a last resort—argue that the mere existence of an employee review process is having a subjective chilling effect on their speech (Count VII, Am. Compl.).  In finding the lack of standing, the Supreme Court noted:

> The respondents . . . claim, simply stated, is that they disagree with the judgments made by the Executive Branch with respect to the type and amount of information the Army needs and that the very existence of the Army's data-gathering system produces a constitutionally impermissible chilling effect upon the exercise of their First Amendment rights. That alleged "chilling" effect may perhaps be seen as arising from respondents' very perception of the system as inappropriate to the Army's role under our form of government, or as arising from respondents' beliefs that it is inherently dangerous for the military to be concerned with activities in the civilian sector, or as arising from respondents' less generalized yet speculative apprehensiveness that the Army may at some future date misuse the information in some way that would cause direct harm to respondents. Allegations of a subjective "chill" are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm; "the federal courts established pursuant to Article III of the Constitution do not render advisory opinions."

*Laird*, 408 U.S. at 13-14; *see also Parents v. Garland*, 88 F.4th 298, 305 (D.C. Cir. 2023) (in finding lack of standing the Court noted, "Appellants fail to demonstrate that the Government has in any way threatened imminent, rather than hypothetical, enforcement action against them.").  The Court should grant Defendants' motion to dismiss.

Dated: April 18, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: _____ */s/ Dimitar P. Georgiev* _____
    DIMITAR P. GEORGIEV, D.C. BAR #1735756
    JEREMY S. SIMON, D.C. BAR #447956
    Assistant United States Attorneys
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2500 (main)

*Attorneys for the United States of America*