UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1-9, et al.,  )<br>  )<br>    *Plaintiffs*,  )<br>  )<br>v.  )<br>  )<br>DEPARTMENT OF JUSTICE,  )<br>  )<br>    *Defendant*.  )<br>_____)  | Case No.: 1:25-CV-0325 (JMC) |

**PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME
TO FILE THEIR MOTION FOR CLASS CERTIFICATION,
AND FOR A STAY ON CLASS CERTIFICATION BRIEFING
<u>PENDING RESOLUTION THE MOTION TO DISMISS</u>**

Comes now John and Jane Does 1-9 in the above-captioned matter, on behalf of themselves and those similarly situated (hereinafter "Plaintiffs"), by and through undersigned counsel, with their motion seeking an enlargement of time to file their Motion for Class Certification pursuant to Local Rule 23.1(b), pending resolution of the motion to dismiss filed by Defendant, and state as follows:

The John and Jane Doe Plaintiffs, move this Court for an enlargement of time to file for class certification in this case, until the Court has considered and decided the pending motion to dismiss. Local Rule 23 requires that Plaintiffs move for class certification within ninety (90) days after filing their initial class claims. This rule does not permit for briefing on the viability of the claims on which class certification is sought, and does not allow time to conduct pre-certification discovery, as is frequently needed to ascertain the parameters of the class, and to develop the anecdotal evidence to establish that Plaintiffs claims meet the commonality and

typicality requirements of Fed.R.Civ.Pro. 23(b).

Therefore, Plaintiffs move the Court for an enlargement of time to file their Motion for Class Certification until after the Court has ruled on the pending Motion to Dismiss. Plaintiffs assert that requiring extensive briefing prior to the decision on the motion to dismiss would be premature and potentially wasteful of time and resources for the Court and counsel in this case. The delay requested is far more efficient, and does not prejudice any party. Pursuant to Local Rule 7(f), Plaintiffs sought the consent of opposing counsel for this motion, and Defendant takes no position on the relief requested. For the reasons discussed in the accompanying Memorandum of Law in support of this Motion, the relief requested should be GRANTED.

Respectfully submitted,

/s/ *Pamela M. Keith*
Pamela M. Keith
CENTER FOR EMPLOYMENT JUSTICE
650 Massachusetts Ave.
NW Suite 600
Washington, DC 20001
Tel: (202) 800-0292
pamkeith@centerforemploymentjustice.com
*Counsel for Plaintiff*

**CERTIFICATION PURSUANT TO LOCAL RULE 7(f)**

Counsel for Plaintiff certifies that on or about April 28, 2025, Plaintiff sought consent from opposing counsel for the relief requested herein, and Counsel for Defendant indicated by electronic mail that Defendant takes no position on the relief requested.

/s/*Pamela M. Keith*
Pamela M. Keith

**CERTIFICATE OF SERVICE**

This is to certify that on this 28th day of April 2025, a true and correct copy of the foregoing Plaintiffs' Motion for Enlargement of Time to File Their Motion for Class Certification and accompanying Memorandum of Law was served by electronic file system on:

Dimitar P. Georgiev-Remmel
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street NW | Washington, DC 20530
(202) 815 – 8654

/s/*Pamela M. Keith*
Pamela M. Keith

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1-9, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No.: 1:25-CV-0325 (JMC) |
| v. ) | |
| ) | |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

## PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO FILE THEIR MOTION FOR CLASS CERTIFICATION, AND FOR A STAY ON CLASS CERTIFICATION BRIEFING PENDING RESOLUTION THE MOTION TO DISMISS

Comes now Plaintiffs, by and through undersigned counsel, with their Memorandum of Law in Support of their Motion for Enlargement of Time to File their Motion for Class Certification, and a Stay on Class Certification Briefing Pending Resolution of the Motion to Dismiss, and state as follows:

### INTRODUCTION

Under Local Rule 23.1(b), plaintiffs must move for class certification "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the Court in the exercise of its discretion has extended this period…" LCvR 23.1(b). Plaintiffs first served the amended complaint which contains class claims in this matter on February 4, 2025. Thus the ninety (90) day deadline to file for class certification is May 5, 2025. Accordingly, Plaintiffs file this motion well within LCvR 23.1(b)'s 90 day limitations period regarding class certification motions.

It is well established that prior to the deadline, a party seeking to enlarge the time to file a motion for class certification need only show "good cause" for the extension. Plaintiffs have good cause to seek the relief herein, as it will preserve the Court's resources and allow it to address the motion to dismiss prior to expending the time and cost of certification briefing that could potentially be moot based on a motion to dismiss.

## ARGUMENT

I.     PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO FILE FOR CLASS CERTIFICATION IS CLEARLY TIMELY

Plaintiffs file this motion well within the time frame required by Local Ruler 23(b)(1), inasmuch as less than ninety (90) days have passed since Plaintiffs first filed the complaint that contained class allegations. Thus, this Court need only consider whether there is good cause to grant the relief sought herein. *See Perrow v. Dist. of Columbia*, 435 F. Supp. 3d 9, 15 (D.D.C. 2020) ("Prior to the deadline, a party seeking to enlarge the time to file a motion for class certification need only show "good cause" for the extension."). As discussed below, good cause does exist for granting an enlargement of time to file the motion for class certification.

II.     IT IS WASTEFUL OF COURT RESOURCES TO REQUIRE BRIEFING ON A MOTION FOR CLASS CERTIFICATION PRIOR TO A DECISION ON THE PENDING MOTION TO DISMISS

At this time, the Court is weighing both a Motion for a Preliminary Injunction filed by Plaintiffs, and a Motion to Dismiss filed by Defendant. It is wasteful of the Court's and the litigants resources to work on, or consider a motion for class certification contemporaneously with consideration of a motion to dismiss. Obviously, the Court's decision on a dispositive motion could obviate the need for class certification briefing altogether. Thus, Plaintiffs request that the Court decides the motion to dismiss, and then, based on the outcome of that motion, sets a schedule for briefing of class certification, as well as the conduct of pre-certification discovery.

### III. THERE IS GOOD CAUSE TO EXTEND THE CLASS CERTIFICATION DEADLINE

The D.C. Circuit has cautioned that class certification "is far from automatic." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 249 (D.C. Cir. 2013). Indeed, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate her compliance with the Rule—that is, she must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)) (emphasis in original) (internal quotation marks omitted). Determining whether the class proponent has satisfied its Rule 23 burden often "resembles an appraisal of the merits, for 'it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.'" *Id.* (quoting *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982)); *see also Wal—Mart*, 564 U.S. at 350; *Howard v. Liquidity Servs.*, No. 14-1183, 2017 U.S. Dist. LEXIS 143651, at * 22 (D.D.C. Sept. 6, 2017)(Howell, J.).

Because Plaintiffs must affirmatively demonstrate, with evidence, that all of the elements of class certification have been met, there is good cause to extend the 90-day deadline for filing the motion for class certification. Plaintiffs do not have access to the sort of evidence required to support a motion for class certification because such evidence resides in Defendant's sole custody. Neither party should be engaged in the process of class certification briefing and/or pre-certification discovery until the dispositive motion is decided. Should Plaintiffs prevail on the motion to dismiss, they aver that it will require some discovery from Defendant to ascertain the size and scope of the class prior to certification briefing. Developing such evidence through written discovery, including electronic discovery will likely take some time. In *Howard*, for example, the motion for class certification was filed over two years after the original complaint

was filed. *See Howard*, No. 14- 1183, at Dkt Nos. 1, 64. Here, too, obtaining the evidence necessary for class certification in discovery will take substantially more time than provided by the local rules. While it may not take two years to obtain information upon which to establish the parameters of the class in this case, however long the Court permits should be established after resolution of the pending dispositive motion.

## CONCLUSION

For the reasons discussed herein, Plaintiff's Motion is sound. They simply ask that the Court order the proceedings in this case in a manner that is both efficient and respectful of Court resources, and permits Plaintiffs to obtain information necessary to support a motion for class certification. This motion should therefore be GRANTED in its entirety.

Date: April 28, 2025

Respectfully submitted,

s/ *Pamela M. Keith*
Pamela M. Keith
Scott Lempert
Center For Employment Justice, LLC
650 Massachusetts Ave. NW
Suite 600
Tel: (818) 800-0292
pamkeith@centerforemploymentjustice.com
scottlempert@centerforemploymentjustice.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1-9, et al., | ) |
| | ) |
|    *Plaintiffs*, | ) |
| | )    Case No.: 1:25-CV-0325 (JMC) |
| v. | ) |
| | ) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
|    *Defendant*. | ) |
| | ) |

**ORDER**

    Upon consideration of Plaintiff's Motion for Enlargement of Time to File their Motion for Class Certification, and for a Stay on Class Certification Briefing Pending Resolution of the Motion to Dismiss, any Opposition from Defendant and the full record herein, it is hereby ORDERED that Plaintiff's Motion is GRANTED, and the Court will hold in abeyance the requirement to file a motion for class certification until this Court has ruled on any dispositive motion from Defendant. The Court will issue a scheduling ORDER for the conduct of class certification at a later date if such is required.

So ORDERED,

_____                                           _____
Date                                                                                               Judge Jia M. Cobb

Cc:

Copies to attorneys of record