UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1-9, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 25-0325 (JMC) |
| FEDERAL BUREAU OF INVESTIGATION AGENTS ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, et al., <br><br> Defendants. | Civil Action No. 25-0328 (JMC) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

On April 30, 2025, at the preliminary injunction hearing convened in the above-captioned matter, undersigned counsel argued that this Court should take note of the Government's refusal to disclaim any future intent of distribution of the list of names at issue. The Court inquired of counsel whether Plaintiffs could provide any case law in support of this assertion, to which counsel replied she did not have a citation readily available. In supplement of that response, undersigned counsel respectfully submits this Notice.

The failure to disclaim a future intent, particularly when asked specifically about such an intent, can support an inference of that intent. While there are instances where silence has little probative value, "[s]ilence gains more probative weight where it persists in the face of accusation, since it is assumed in such circumstances that the accused would be more likely than not to dispute an untrue accusation." *United States v. Hale*, 422 U.S. 171, 176 (1975). This may be "considered evidence of acquiescence" in instances where "it would have been natural under the circumstances to object to the assertion in question." *Id*. As courts in this District have noted, "a party who sits in silence acquiesces at his own peril." *Wright v. D.C.*, 2007 WL 1141582, at *4 (D.D.C. Apr. 17, 2007) (quoting *Turkmani v. Republic of Bolivia*, 273 F. Supp. 2d 45, 53 (D.D.C. 2002)); *see also United States v. Project on Gov't Oversight*, 526 F. Supp. 2d 62, 65 (D.D.C. 2007) (where government's silence after being informed of an intended action can be used as evidence of approval of such an action). This refusal to disclaim a future course of action combined with an inability to summon any legitimate basis for the future action further undermines any presumption of regularity. *Al-Hela v. Biden*, 66 F.4th 217, 237 (D.C. Cir. 2023) ("This presumption can be rebutted if a petitioner demonstrates internal inconsistencies or inconsistencies with other evidence.").

May 1, 2025

                                               Respectfully submitted,

| LAW OFFICE OF MARK S. ZAID, P.C. | CENTER FOR EMPLOYMENT JUSTICE |
|---|---|
| By: _*Mark S. Zaid*_<br>MARK S. ZAID, D.C. Bar #440532<br>BRADLEY P. MOSS, D.C. Bar #975905<br>1250 Connecticut Avenue, NW, Suite 700<br>Washington, D.C. 20036<br>(202) 498-0011<br>Mark@MarkZaid.com<br>Brad@MarkZaid.com<br>*Attorneys for John Does 1,3-4,*<br>*Jane Does 1-3 (25-328)* | By: _*Pamela M. Keith*_<br>PAMELA M. KEITH, D.C. Bar #448421<br>SCOTT M. LEMPERT, D.C. Bar #1045184<br>650 Massachusetts Ave., NW, Suite 600<br>Washington, DC 20001<br>(202) 800-0292<br>pamkeith@centerforemploymentjustice.com<br>Slempert@centerforemploymentjustice.com<br>*Attorneys for John and Janes Does 1-9, et al.*<br>*(25-325)* |
| STATE DEMOCRACY DEFENDERS FUND | KOSKOFF, KOSKOFF & BIEDER, PC |
| By: _*Norman L. Eisen*_<br>Norman L. Eisen D.C. Bar # 435051<br>Pooja Chaudhuri, D.C. Bar # 888314523<br>600 Pennsylvania Avenue, SE, #15180<br>Washington, D.C. 20003<br>(202) 594-9958<br>norman@statedemocracydefenders.org<br>pooja@statedemocracydefenders.org<br>*Attorneys for John Does 1,3-4,*<br>*Jane Does 1-3 (25-328)* | By: _*Margaret Donovan*_<br>Christopher Mattei, Bar # 27500 (*pro hac vice*)<br>Margaret Donovan, Bar # 31787 (*pro hac vice*)<br>350 Fairfield Ave., Suite 501<br>Bridgeport, CT 06604<br>(203) 336-4421<br>cmattei@koskoff.com<br>mdonovan@koskoff.com<br>*Attorneys for Federal Bureau of Investigation*<br>*Agents Association (25-328)* |

*Attorneys for Plaintiffs*