UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN AND JANE DOES 1 TO 9, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action Nos.<br>25-0325 (JMC), 25-0328 (JMC) |

**DEFENDANTS' RESPONSE
TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHOIRTY**

Defendants' understanding of the Court's questioning during the April 30, 2025, hearing was whether the Court could infer a future intent to publicize the lists from Plaintiffs' allegation that "[Defendants] have oddly rejected the Plaintiffs['] proposal to maintain the status quo during the course of this litigation by agreeing to an extension of the current Consent Order," Am. Compl. (ECF No. 24) ¶ 90, made during settlement discussions among the parties. As an initial matter, Plaintiffs may not in support of their claims rely on statements made by counsel during settlement discussions. *See* Fed. R. Evid. 408 (providing that "a statement made during compromise negotiations" cannot be used to establish "a disputed claim").

Moreover, none of the cases Plaintiffs offer concern drawing any inferences when evaluating the sufficiency of the complaint at the motion to dismiss stage. "The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 174 (2004). Plaintiffs' one-page supplemental notice citing non-applicable caselaw hardly constitutes the "clear evidence" necessary to overcome that presumption here. *Id.* Ultimately, the inference they ask the Court to make in support of their

request for prospective relief – that the Department will in the future publicize the lists – fails because Plaintiffs have (1) conceded that there has been no Privacy Act violation, Pls.' Opp'n (ECF No. 35) at 26 n.10 ("the Plaintiffs were only seeking to prevent dissemination beyond DOJ and were not disputing the 'routine use' exception permitted dissemination *within* DOJ between different components" (emphasis in original)); (2) conceded that the Privacy Act does not provide for the injunctive relief they seek, Pls.' Reply (ECF No. 37) at 16 ("the Privacy Act specifically does not authorize injunctive or declaratory relief to prevent violations of 5 U.S.C. 552a(b), only monetary relief after the fact"); and (3) not identified any final agency action that could support an independent Administrative Procedure Act claim by which injunctive relief could be obtained, Am. Compl. (ECF No. 24) ¶¶ 102-04.  All of Plaintiffs' claims are based entirely on speculation and Plaintiffs impermissibly ask the Court for an advisory opinion.  *See Laird v. Tatum*, 408 U.S. 1, 14 (1972) ("Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm; 'the federal courts established pursuant to Article III of the Constitution do not render advisory opinions.'").

 Dated: May 2, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:          */s/ Dimitar P. Georgiev*
DIMITAR P. GEORGIEV, D.C. BAR #1735756
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
(202) 252-2500 (main)

*Attorneys for the United States of America*